20689

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Appellant, v. Daniel FLEMMING, Respondent.

(244 S. E. (2d) 517)

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Raymond G. Halford, W. Joseph Isaacs* and *Nan L. Black* and *Staff Atty. Frank H. DuRant,* Columbia, *for appellant.*

*Robert L. Hallman, Jr.,* Columbia, *for respondent.*

May 16, 1978.

LEWIS, Chief Justice:

Appellant, as assignee of the support rights of a minor child, brought this action against respondent to establish paternity of the child and to enforce support. Respondent

admitted sexual relations with the mother but asserted sterility as a defense. In the trial, the lower court admitted into evidence, over objection, a written statement by a doctor, not called as a witness, that he examined respondent in 1976 and, in his opinion, respondent was sterile. Upon the basis of this statement, the lower court concluded that respondent was sterile in 1972, when the child was conceived and, therefore, could not have been the father. Appellant, among other grounds of appeal, asserts that the admission of the foregoing statement of the doctor constituted prejudicial error. We agree. Our conclusion that the statement was inadmissible requires a new trial and renders consideration of other questions unnecessary.

The trial judge relied upon Rule 18(c) of the Rules of Practice in the Family Court as the basis for his ruling that the doctor's written statement or report was admissible. This was error. Rule 18, in its entirety, is as follows:

The following documents and written statements shall be admissible in evidence without requiring that the person or institution issuing the documents or statements be present in Court:

(a) A written statement of a child's attendance at school, signed by a school principal or duly authorized school official.

(b) The school report card showing the child's record of attendance, grades on subjects taught and other pertinent information, provided that this be a report sent out at periodic intervals by the school.

(c) The written statement by a physician showing that the patient was treated at certain times and the type of ailment.

(d) The written report of the Department of Social Services or other agency, reporting the home investigation or any other report required by the Court.

(e) The written statement of an employer showing wages either weekly or monthly for a given period of time and W-2 statement, income tax returns and other reports of like nature.

The foregoing Rule was not intended to supplant the substantive rules of evidence. Rule 18(c), here in question, permits the reception of a physician's written statement that the patient was treated at certain times and the ailment for which treatment was administered. It contemplates a written statement to the court showing the mere fact of medical treatment, without requiring the physician to be present; but was not intended to encompass written statements concerning a controverted diagnosis of a medical condition.

The present doctor's statement constituted a diagnosis of respondent's physical condition as it related to sterility. This was the dispositive issue in the case, and the admission of the statement, without the presence of the doctor, denied appellant the right to cross-examine a critical witness. The Rule in question was not intended to make admissible a statement of the present nature.

The judgment is accordingly reversed and the cause remanded for a new trial.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.