## 21317

Eugene GOLSTON, Respondent, v. Troy GUNTER, Rhine Hoffman and Russell Hoffman, Appellants.

(271 S. E. (2d) 601)

*F. Hall Yarborough,* of *Bryant, Fanning & Yarborough,* Orangeburg; and *Jonathan R. Hendrix,* of *Walker & Hendrix,* Lexington, *for appellants.*

*Hyman Rubin, Jr.,* of *Rogers, McDonald, McKenzie, Fuller & Rubin;* and *Howard Hammer,* of *Hammer & Bernstein,* Columbia; and *C. W. Limehouse,* Orangeburg, *for respondent.*

October 27, 1980.

*Per Curiam:*

In this assault and battery and negligence tort action, the defendants in the lower court sought a change of venue from Orangeburg County to Lexington County. The lower court refused the motion. Defendants have appealed.

The sole issue in this case is one addressed to the sound discretion of the trial judge. We have reviewed the record and concluded that there has been no abuse of discretion. The evidence presented to the trial judge is typical of the showing made in change of venue cases. It would be more convenient for some witnesses if the case is tried in Orangeburg County and less convenient for others. Venue is proper in either county. Unfortunately, the convenience of all witnesses may not be accommodated.

In this state one may appeal to the Supreme Court as a matter of right. This being true, we have many appeals with and without merit. In former years this court attempted to write a full opinion in every appeal, discussing all issues fairly arising from the record. Many of the appeals involved no new propositions of law. There was involved merely the application of well-established principles of law to new factual situations. Extended opinions oftentimes had no precedential value and merely burdened the bar.

As the case load of this court increased from an average of about 200 in the early 1970's to more than 700 cases in

both 1978 and 1979 [1], the court promulgated Rule 23 so as to provide that full opinions need not be written under certain circumstances. The provisions of this rule are consistent with the rules of other courts. They are consistent with the views of the General Assembly of South Carolina, as expressed in § 18-9-280, *as amended, Code of Laws of South Carolina* (1976). The pertinent part of the rule, for all practical purposes, is *verbatim* with the statute, which statute reads as follows:

"[T]he Court may file memorandum opinions in unanimous decisions when the Court determines that a full written opinion would have no precedential value and any one or more of the following circumstances exists and is dispositive of a matter submitted to the Court for decision: (1) that a judgment of the trial court is based on findings of fact which are not clearly erroneous; (2) that the evidence of a jury verdict is not insufficient; (3) that the order of an administrative agency is supported by such quantum of evidence as prescribed by the statute or law under which judicial review is permitted; (4) that no error of law appears."

We dispose of the appeal now before us under our Rule 23 because we are of the unanimous opinion that a multitude of cases in this state already declare the applicable law involved; a full written opinion would have no precedential value, and no error of law appears.

When a case is disposed of without a full written opinion we do not intimate that the issues are not important or justiciable. The issues are always important to the litigants and command the attention of the court. The rule applies to both civil and criminal cases, and to convicted persons represented by paid counsel as well as those represented by the public defender. The use of Rule 23 does not minimize the time required to review a record; it does minimize the time

---

[1] Approximately 1,000 cases are projected for 1980.

devoted to the writing of an opinion and, accordingly, permits the court to keep its docket more current than it would otherwise be.

The case before us has had a complete review by all members of the Court, and we have concluded that the trial judge decided the issue correctly.

Appeal dismissed.