276 S.C. 360 (1981)
278 S.E.2d 771
KERSHAW COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent,
v.
Catherine McCASKILL, Appellant. In re Jonathan McCASKILL, Infant born 10/5/78.
21461
Supreme Court of South Carolina.
May 25, 1981.
Charles L. Dibble, of Cooper, Bowen, Beard & Smoot, Camden, for appellant.
Asst. Sol. Patrick D. Partin, Camden, for respondent.
Michael E. Stegner, Camden, guardian ad litem for Jonathan McCaskill.
*361 May 25, 1981.
NESS, Justice:
Appellant Catherine McCaskill, a blind nineteen year old woman, appeals from an order removing from her custody, Jonathan McCaskill, her infant son. The family court ordered the Kershaw County Department of Social Services to assume responsibility for the child, but failed to set forth the salient facts on which it based its decision to remove.
S.C. Code (1976) § 20-10-170 (Cum. Supp.) provides:
"(E) A child shall not be removed from the custody of the parent  unless the court finds that:
(1) The child has been physically injured as defined in § 20-10-20 and there is a preponderance of the evidence that the child cannot be protected from further physical injury without being removed.
(2) The child has been endangered as otherwise defined in § 20-10-20 and there is clear and convincing evidence that the child cannot be protected from further harm of the type justifying intervention without being removed."
The order does not comply with Family Court Rule 27(3) as it is largely conclusory and fails to set forth sufficient facts to satisfy the requirements of § 20-10-170.
As this case will have to be retried, it is necessary to address appellant's exception concerning the admissibility of her 332 page file from the South Carolina School for the Deaf and Blind.
In S.C. Department of Social Services v. Flemming, 271 S.C. 15, 244 S.E. (2d) 517 (1978), we held Family Court Rule 18 did not supplant the substantive rules of evidence and could not be used to deprive an appellant of his right to cross examine with regard to key issued in the case. We have also held that hospital records which contained expressions of opinion and conclusions concerning cause and effect which involved the exercise of judgment and discretion *362 were inadmissible. Peagler v. Atlantic Coast Line Railroad Company, 234 S.C. 140, 107 S.E. (2d) 15 (1959). Although Peagler was decided prior to the adoption of the Business Records as Evidence Act, S.C. Code § 19-5-510 (1976), its rationale and that of Flemming remain valid. See also: State v. Fowler, 264 S.C. 149, 213 S.E. (2d) 447 (1975).
The exceptions to the Hearsay Rule enumerated in Family Court Rule 18 and the Business Records as Evidence Act are limited in scope and do not extend to subjective opinions or judgments which might be found in a business record. Not everything contained in a "business record" is automatically admissible under § 19-5-510. This section makes it a requirement for admission that "in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." This gives some control to the trial judge to exclude or require additional proof, if the authority or veracity of the record were a genuine issue. See 9 A.L.R. Fed. 457 (1971); Thomas v. Hogan, 308 F.(2d) 355 (4th Cir.1962). We conclude the appellant's school file contained subjective opinions and judgments, those portions of the record should have been excluded because she was denied the right to cross examine the maker of the report.
We remand for the modification of the order to comply with Rule 27(3) and the taking of additional testimony, if necessary, consistent with this opinion.
Remanded.
LEWIS, C.J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.