In re MEMORANDUM DECISIONS BY COURT OF APPEALS.

(471 S.E. (2d) 456)

Supreme Court

Dec. 18, 1993.

## ORDER

This order is intended to clarify the authority of the South Carolina Court of Appeals to issue memorandum opinions in a format similar to that used by this Court. South Carolina Code Ann. § 14-8-250 (Supp. 1992) specifies what must be contained in an opinion by the Court of Appeals. It provides:

> In every decision rendered by the Court, every point distinctly stated in the case which is necessary to the decision of the appeal and fairly arising upon the record of the Court must be stated in writing and must, with the reason for the Court's decision, be preserved in the record of the case; provided, that the Court need not address a point which is manifestly without merit.

South Carolina Code Ann. § 18-9-280 (1985), which governs opinions by the Supreme Court, provides:

> When a judgment or decree is reversed or affirmed by the Supreme Court every point made and distinctly stated in the cause and fairly arising upon the record of the case shall be considered and decided and reason thereof shall be concisely and briefly stated in writing and preserved in the record of the case, except the Court may file memorandum opinions in unanimous decisions when the Court determines that a full written opinion would have no precedential value and any one or more of the following circumstances exists and is dispositive of a matter submitted to the Court for decision: (1) that a judgment of the trial court is based on findings of fact which are not clearly erroneous; (2) that the evidence of a jury verdict is not insufficient; (3) that the order of an administrative agency is supported by such quantum of evidence as prescribed by statute or law under which judicial review is permitted; (4) that no error of law appears.

The second part of this statute has been interpreted by this Court as allowing the Court to issue memorandum opinions which do not give a reason for each issue involved in the appeal (i.e., affirmed pursuant to Rule 220(b)(1), SCACR). *Cf. Golston v. Gunter*, 275 S.C. 389, 271 S.E. (2d) 601 (1980).

The general requirement of both statutes is that "every point distinctly stated in the case which is necessary to the decision of the appeal and fairly arising upon the record of the court must be stated in writing and must, with the reason for the court's decision, be preserved in the record of the case." Rule 220(b), SCACR. The authority of the appellate courts to issue an opinion without giving a reason for each issue is, however, different. The Supreme Court can do so whenever any of the conditions of the second part of § 18-9-280 are met; the Court of Appeals may only do so when an issue is manifestly without merit. Rule 220(b)(1) and (2), SCACR.

In practice, however, this distinction means little. The Supreme Court rarely issues an opinion which does not give the Court's reason for deciding each issue. Instead, even in those cases which it could summarily affirm or reverse without giving a reason pursuant to § 18-9-280, it does set forth each issue and gives the case or cases which support its decision. This normally takes the following form:

Per Curiam. Affirmed pursuant to Rule 220(b)(1), SCACR and the following authorities: Issue 1: *State v. Bailey*, 298 S.C. 1, 377 S.E. (2d) 581 (1989) (a party cannot argue one ground at trial and another on appeal); Issue 2: S.C. Code Ann. § 19-5-510 (1985); *Kershaw County DSS v. McCaskill*, 276 S.C. 360, 278 S.E. (2d) 771 (1981); *Peagler v. Atlantic Coast Line Railway Co.*, 234 S.C. 140, 107 S.E. (2d) 15 (1959).

In our opinion, this format is sufficient to meet the requirement of giving a reason for deciding each issue raised in the appeal.[1] Therefore, the Court of Appeals may use a similar format and still comply with the requirement of § 14-8-250.

/s/ David W. Harwell, C.J.
/s/ A. Lee Chandler, J.
/s/ Ernest A. Finney, Jr., J.
/s/ Jean H. Toal, J.
/s/ James E. Moore, J.

---

[1] This Court has previously stated the following about what is an adequate opinion:

It has formerly been deemed adequate for the opinion to show in any decisive way clearly how the case was decided, and the reasons therefor. This may be done *by reference to other decided cases*, to an extract from a textbook, to a decree, or charge, or sometimes merely overruling the exceptions. To lay down any "hard and fast" formula would be to stifle the infinite variety that we find, even among the best decisions of the Courts, and would be a bane to originality in the building of judicial opinions. All this must depend upon the case, the nature and training of the judge, and many other factors too numerous to mention. If the Court makes it clear what disposition has been made of the case, and the reasons for its action, nothing more in essential. Some times a short opinion, that hits the mark, will be better than one of more extended length. However, this is largely a matter of taste, and the old Latin maxim, "De gustibus non est disputandum" [there is no disputing about tastes] ought to suffice. (Emphasis added.)

*Miller v. Atlantic Coast Line Railroad Co.*, 140 S.C. 123, 224, 138 S.E. 675, 708 (1926), *cert. denied*, 275 U.S. 556, 48 S.Ct. 117, 72 L.Ed. 424 (1927).