**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

James Allan Saj and Margaret-Jean Sprigg Saj,
Respondents,

v.

Jennifer Grey Wilson Saj, Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2015-001329

―――――――――――

Appeal From York County
David G. Guyton, Family Court Judge

―――――――――――

Unpublished Opinion No. 2015-UP-571
Submitted December 8, 2015 – Filed December 23, 2015

―――――――――――

**AFFIRMED**

―――――――――――

N. Beth Ramsey Faulkner, of Brice Law Firm, LLC, of
York, for Appellant.

Larry Dale Dove, of Barton Family Law, LLC, of Rock
Hill, for Respondents.

Elizabeth Hope Rainey, of Rock Hill, for the Guardian ad
Litem.

―――――――――――

**PER CURIAM:** Jennifer Gray Wilson Saj (Mother) appeals the family court's termination of her parental rights to her minor daughter (Child), arguing clear and convincing evidence does not support termination of parental rights (TPR). Mother also contends the family court erred in considering the Guardian ad Litem (GAL) report and attached medical records, refusing to exclude a medical report, and refusing to exclude the GAL's testimony regarding Mother's diagnoses. We affirm.

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011).

First, we find the family court did not err in considering the GAL report and in admitting a medical report or the GAL's testimony regarding Mother's diagnoses. Mother's argument the court erred in considering the GAL report is not preserved because it was not presented to the family court. *See Srivastava v. Srivastava*, 411 S.C. 481, 487, 769 S.E.2d 442, 446 (Ct. App. 2015) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court." (quoting *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006))); *id.* ("Therefore, when an appellant neither raises an issue at [the hearing] nor [files] a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review." (quoting *Doe*, 370 S.C. at 212, 634 S.E.2d at 54-55)). Mother also did not argue to the family court the medical records the GAL discussed were hearsay; thus, her argument the records constitute inadmissible hearsay is not preserved. *See id.* ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court." (quoting *Doe*, 370 S.C. at 212, 634 S.E.2d at 54)); *id.* ("Therefore, when an appellant neither raises an issue at [the hearing] nor [files] a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review." (quoting *Doe*, 370 S.C. at 212, 634 S.E.2d at 54-55)). Additionally, we find the family court did not err in admitting Mother's October 2013 medical report because the report was self-authenticated by Mother. *See Deep Keel, LLC v. Atl. Private Equity Grp., LLC*, 413 S.C. 58, 64, 773 S.E.2d 607, 610 (Ct. App. 2015) ("'[T]he burden to authenticate . . . is not high' and requires only that the proponent 'offer[ ] a satisfactory foundation from which the [fact finder] could reasonably find that the evidence is authentic.'" (quoting *United*

*States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014))). During the hearing, Mother was asked if the medical report was from a doctor visit about which she had already testified. Mother stated it was, and the family court ruled Mother had self-authenticated the document. We agree.[1] Mother's admission that the medical report was from the previously admitted doctor's visit is a "satisfactory foundation" showing the "evidence is authentic." *See id.* Further, we find the family court did not err in refusing to exclude the GAL's testimony about Mother's diagnoses. The GAL testified she reviewed Mother's medical records with Mother and Mother's attorney; thus, she had personal knowledge of the records. *See* Rule 602, SCRE ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony.").

Second, we find clear and convincing evidence supports TPR based on the statutory ground of diagnosable condition that made Mother unlikely to provide minimally acceptable care to Child. *See* S.C. Code Ann. § 63-7-2570(6) (Supp. 2014) ("The family court may order [TPR] upon a finding . . . [t]he parent has a diagnosable condition unlikely to change within a reasonable time including, but not limited to . . . mental illness, . . . and the condition makes the parent unlikely to provide minimally acceptable care of the child."). "When the diagnosable condition alleged is mental deficiency, there must be clear and convincing evidence that: (1) the parent has a diagnosed mental deficiency, and (2) this deficiency makes it unlikely that the parent will be able to provide minimally acceptable care of the child." *S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 456, 639 S.E.2d 165, 168-69 (Ct. App. 2006). The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). Evidence presented at the hearing showed Mother had a diagnosable condition. Specifically, the GAL testified she and Mother discussed her medical records and she learned Mother had self-reported mood swings, bipolar disorder, and psychosis with schizophrenia during an admission to the emergency room in 2012. Evidence presented at the hearing

---

[1] We also note the report was admissible under Rule 7(c), SCFCR. *See* Rule 7(c), SCFCR ("The written statement by a physician showing that the patient was treated at certain times and the type of ailment."); *S.C. Dep't of Soc. Servs. v. Flemming*, 271 S.C. 15, 17, 244 S.E.2d 517, 518 (1978) ("Rule [7](c), here in question, permits the reception of a physician's written statement that the patient was treated at certain times and the ailment for which treatment was administered.").

also showed Mother's condition made it unlikely she could provide minimally acceptable care to Child. As recently as October 2014, because Mother believed someone had poisoned her, she called the non-emergency administrative 911 line six times within an hour. Additionally, a medical report noted that in October 2012, Mother presented with paranoia, hyperactivity, quick speech, and illogical thinking. The family court noted Mother presented with the same behavior during the TPR hearing, and the GAL testified Mother's grooming, speech, and memory degraded in the months leading up to the TPR hearing. Finally, Mother's text messages to Grandmother and her comment to Child about having drowned her children are additional disturbing pieces of evidence showing Mother's likely inability to properly care for Child. Accordingly, this court finds Mother's diagnoses, disturbing statements, and behavior at the hearing, indicate the family court did not err in finding TPR was proper based on Mother's diagnosable condition that made it unlikely she could care for Child.[2]

Finally, we find clear and convincing evidence shows TPR is in Child's best interest. "The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ." S.C. Code Ann. § 63-7-2510 (2010). In a TPR case, the best interest of the child is the paramount consideration. *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interest[] of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010). Since Child moved, her grades and her mental health have improved. Child has lived with her grandparents for almost four years, and in that time she has become involved in extra-curricular activities, maintained part-time jobs for personal money, and received a metamorphosis award for the extreme change she made at school. Child's grandparents love her and view her as a daughter, and Child feels at home with them. Additionally, the GAL testified TPR was in Child's best interest and Child, who was sixteen at the time of the TPR hearing, testified she wished to be adopted by her grandparents. Accordingly, we find TPR is in Child's best interest.

---

[2] Because we find clear and convincing evidence exists to affirm TPR on one ground, we decline to address any remaining TPR grounds. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (stating when clear and convincing evidence exists to affirm TPR on one ground, the appellate courts may decline to address any remaining TPR grounds on appeal).

**AFFIRMED.**[3]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.