13525

STATE v. SINGLETON

(166 S. E., 725)

*Mr. George Warren,* for appellant,

*Mr. Randolph Murdaugh, Solicitor,* for respondent,

November 28, 1932.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

Charged with housebreaking and larceny, the appellant, John Singleton, along with John Henry Bing and Louis Bing, was brought before the Court of Sessions for Hampton County at the February, 1931, term of that Court. John Henry Bing entered a plea of guilty and was sentenced to imprisonment; the trial of John Singleton resulted in a mistrial; and the defendant Louis Bing, owing to his tender years, escaped through the meshes of the legal net, a *nol. pros.* being entered as to him.

At the September, 1931, term, John Singleton was again brought to trial and was convicted. John Henry Bing was then serving his sentence. From the conviction of John

Singleton this appeal is taken, and three principal questions are raised for determination. They are alleged error as to the admissibility of evidence, alleged error in refusing to grant a new trial, and alleged error as to the requirement that the entire record of the Court below be printed for purposes of this appeal. The last question will be first considered.

Under the second paragraph of Rule 4 of this Court it is provided: "Only the necessary and pertinent testimony to which one or more exceptions relate shall be printed." It further provides that if more than the necessary testimony is printed, the costs of printing the unnecessary portion shall be taxed against the offending party.

The exceptions refer only to the testimony of the witness Dowling, and his testimony comprises only eleven pages of the fifty-four page transcript. Ten pages are taken up with the title, statement of fact, the exceptions, etc. It would thus appear that the entire matter relative to his appeal could, and should, have been covered in twenty-one pages and that thirty-three pages were entirely unnecessary. The appellant proposed the lesser amount of printing, but neither the solicitor nor the Circuit Judge would adopt his view. The "offending party" was the State, through the solicitor, and the appellant should not be required to pay for this extra amount of printing.

John C. Dowling, a magistrate, was called upon to make an investigation soon after the theft was discovered. He went to the home of John Henry Bing and located a goodly quantity of the stolen goods. Upon receipt of certain information, he went to the home of the appellant and had him brought to Bing's home. The solicitor, in his examination of Dowling, cautioned the witness not to repeat anything said by Bing unless said in the presence of Singleton, whereupon the witness said: "He (Bing) said: 'There was another box buried here and I do not know where it is. John, (Singleton) you know where it is.'"

After considerable digging in the garden by several parties, some one unearthed a box of the stolen property. The solicitor asked the witness if Bing then said anything to Singleton, and the witness replied: "He said, 'John, you put it there.'" More questions and answers of an unobjectionable nature were then given, and the solicitor finally said: "What did he (Bing) say?" The attorney for the appellant then, for the first time, objected. His ground of objection was that at that time, the time of the trial, Bing had been sentenced for larceny and was serving his sentence; that Bing could not testify even if in Court, and that as Bing could not himself testify, the witness could not say what Bing had said. The Court then called on the solicitor for his views, and argument was had by both attorneys. It does not appear that the Court made a ruling on the objection in so many words, but it does appear that the solicitor proceeded along the same lines of questioning, thereby showing that the objection to the testimony had been overruled upon the ground presented. The witness was then more fully examined as to everything Bing had said in the presence of Singleton without further objection by the attorney for the appellant. When the witness had practically completed his narrative of everything Bing had said, including charges of guilt against Singleton, it was called to the attention of the Court, not, however, by way of objection to the testimony, that the solicitor had not asked the witness anything about what Singleton had to say. To the attorney for the appellant the Court replied: "You can do that." Thereupon, under examination by the attorney for the appellant, the witness said that the appellant denied the "whole thing and protested his innocence." After several more questions were asked and after argument of counsel was had, the Court ruled as follows: "If he had not said anything, I would have ruled it competent, but where he denied it, I do not think it is competent." The record does not show any formal objection to the testimony on this latter ground, but that the Court ex-

cluded the testimony of its own motion under authority of *State v. McIntosh*, 94 S. C., 439, 78 S. E., 327. At the conclusion of the examination of this witness, the following took place between the attorney for the appellant and the Court:

"I understand your Honor has stricken out, and will direct the jury to disregard this line of testimony given by the witness as to any statements made by Bing implicating Singleton."

"Yes, sir."

"And your Honor will so instruct the jury?"

"Yes, sir."

The first and only real objection to the testimony of the witness Dowling, upon the ground that the witness should not be allowed to say what Bing had said in the presence of Singleton for the reason that Bing, if present, could not testify because of his conviction, appears to have been abandoned. However, such objection to the testimony could not have been rightly sustained. At the time the statements were made Bing was not disqualified; his disqualification came later, after the plea of guilty and the imposition of sentence.

The principal ground urged for a reversal of the judgment is that incompetent testimony was brought out before the jury; that the same was prejudicial; that it deprived the defendant of a fair and impartial trial; and that the admonition by the Circuit Judge to the jury to disregard the testimony did not cure the damage already done.

That the testimony was incompetent, was of some probative force, and is, therefore, presumed to be prejudicial (*Templeton v. Charleston & W. C. Ry. Co.*, 117 S. C., 44, 108 S. E., 363; *Powers v. Rawls*, 119 S. C., 134, 112 S. E., 78), may be admitted; but, under the peculiar facts of this case, this Court does not see its way clear to order a reversal of the judgment of conviction.

Some of the reasons actuating the Court to this conclusion will be mentioned.

It is conceded by the appellant, in both the transcript and the brief, that there was testimony in the case, other than that objected to, upon which a conviction could have been found. It is reasonable to suppose that the jury found its verdict upon this other testimony admittedly sufficient to warrant a conviction, after the Circuit Judge instructed them to disregard the objectionable testimony. Hence, it might be soundly urged that with other testimony admittedly sufficient to convict, the objectionable testimony did not prejudice the rights of the appellant. This Court is certainly not convinced that, under these conditions, his rights were prejudiced by such testimony.

As soon as it was made apparent to the Circuit Judge that the appellant denied the charges made against him by Bing and protested his innocence, the whole testimony of Dowling as to what Bing had said was immediately stricken out. In the absence of any motion, the Circuit Judge could have done no more on behalf of the appellant to guarantee to him a fair and impartial trial. It would have been far better if the appellant, at the first intimation of the objectionable testimony, had asked for the retirement of the jury until the testimony could have been brought out and its competency determined in the absence of the jury. Or, even in the presence of the jury, to immediately ask the question as to the denial by the appellant. His answer to this would have been determinative as to subsequent questioning.

It would appear that counsel for the appellant was satisfied with the disposition of the matter when he requested the Circuit Judge to direct the jury to disregard the objectionable testimony and when the Circuit Judge consented to do so. Complying with this request, the Circuit Judge, after charging the jury that the testimony of Dowling as to statements made by John Henry Bing was incompetent, said:

"I instruct you not to consider that testimony at all in your deliberations in this case; just eliminate it from your minds." It thus appears that the Circuit Judge did everything requested of him and this Court cannot say that he should, or could, have done more.

What effect incompetent testimony may have on the minds of jurors, even after instructions to disregard same, is impossible to say. This question arises under the exception imputing error to the Circuit Judge in not granting a new trial. From the case of *Cable Piano Company v. Railway Company,* 94 S. C., 143, 77 S. E., 868, it would seem that the Court favors the exercise of a wise discretion of the Circuit Judge in·determining the merits of such motions in each individual case. In that case the Court says that it will not do to say that in every case where incompetent testimony is received and later stricken out a new trial should be granted. Nor will it do to say that under these conditions a new trial should never be granted. The Court concludes by saying that the character of the testimony, the circumstances under which offered, the nature of the case, other testimony in the case, and perhaps other matters, should be considered.

We may follow this case in the one particular that consideration in passing upon the motion for a new trial must be given to "other testimony in the case." It is thus perfectly clear that, in the light of the admission of counsel that there was other competent testimony which would warrant a conviction, the discretion of the Circuit Judge in refusing the motion was wisely exercised.

It is the judgment of this Court that the order of the Circuit Court requiring the entire record to be printed for purposes of this appeal be reversed, as herein provided, and that the judgment of the Circuit Court in all other respects be, and the same, is hereby, affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stabler, Carter and Bonham concur.