20267

The STATE, Respondent, v. Cecil Calvin CRAIG, Appellant.

(227 S. E. (2d) 306)

*Messrs. Thomas F. Allgood and David A. Brown, for Appellant,*

*Messrs. Brian P. Gibbes, Asst. Atty. Gen.,* of Columbia, and *C. LaVaun Fox, Sol.,* of Aiken, *for Respondent,*

August 9, 1976.

RHODES, Justice:

Appellant, Cecil Craig, was convicted of common law murder [1] and sentenced to life imprisonment. His motion for a new trial was denied by the lower court and this appeal followed. We affirm.

Craig first submits that the trial judge erred in refusing to order a mistrial because of a statement made by the prosecutor at the conclusion of the *voir dire* examination of a prospective juror.

This juror had told the court that he was a "close friend" of the defendant, but would be an impartial juror. The prosecutor's statement was as follows:

"The State would challenge this juror for cause, Your Honor, on the ground that he said he was a good friend of the defendant in this case, and I'm not up here to give this defendant a Baby Ruth, I'm up here to put him in the electric chair. I don't think this man could conscientiously vote that way."

Defense counsel immediately moved for mistrial on the ground the statement was inflammatory and improper. The trial judge initially expressed doubt whether anyone else could have heard the statement because of the noise in the courtroom and asked the jury panel if any of them had

---

[1] Common law murder refers to the type of murder punishable by life imprisonment under S. C. Code § 16-52 (Cum. Supp. 1975).

heard the prosecutor's statement about a "baby ruth". Only one person, a juror already selected, acknowledged hearing the statement. The trial judge then denied the motion for a mistrial and refused to strike the juror who was the subject of the prosecutor's statement. The juror, however, was excused by the State.

Craig contends the prosecutor's statement was an expression of his opinion that the accused was guilty and that the jury's decision was influenced by the statement.

As a general rule, conduct of the prosecutor calculated to arouse prejudice against the accused, and to prevent him from having a fair trial will not be tolerated. *State v. McGill,* 191 S. C. 1, 3 S. E. (2d) 257 (1939) ; 24 C. J. S. Criminal Law § 1442a (1961). The granting of a mistrial for improper conduct of the prosecutor is largely discretionary with the trial court. *State v. Bell,* 263 S. C. 239, 209 S. E. (2d) 890 (1974) ; *State v. Arnold,* 266 S. C. 153, 221 S. E. (2d) 867 (1976).

Craig was indicted for murder under S. C. Code § 16-52 (5) (Cum. Supp. 1975), and would have been sentenced to die by electrocution if he had been convicted. The statement of the prosecutor was merely an expression of his duty and intention to try to convict the accused of the crime for which he was indicted. We find nothing inflammatory or prejudicial in such a statement. The trial judge's refusal to order a mistrial because of this statement was clearly not an abuse of discretion.

Craig next asserts that the trial judge erred in allowing a witness to testify as to a statement made by the victim's wife.

The victim, Henry Cooper, died from gunshot wounds inflicted by Craig. There were several eyewitnesses to the shooting including the victim's wife of only four days. She was questioned by a police officer shortly after the incident and he was allowed to testify, over objection, as to what Craig had said, according to her, when he shot Cooper.

Mrs. Cooper, along with the other eyewitnesses, later testified as to what Craig said and their testimony corroborated that of the officer's.

It is patent, therefore, that error, if any, in the admission of the testimony objected to was not prejudical to Craig. Reversible error in the admission of testimony is dependent on the existence of probable prejudice to the accused. *State v. Robinson,* 238 S. C. 140, 119 S. E. (2d) 671 (1961); *State v. Frank,* 262 S. C. 526, 205 S. E. (2d) 827 (1974). In a similar situation this Court stated the following:

"What the officer was erroneously permitted to testify the father told him, which was objectionable hearsay, the father said (in effect) for himself under oath as a witness. This assignment of error is, therefore, without merit. Appellant enjoyed the full protection of the constitutional guaranty of confrontation of witnesses." *State v. Coggins,* 210 S. C. 242, 42 S. E. (2d) 240 (1947).

Next, Craig contends the trial judge erred in denying motions for mistrial based on the alleged erroneous reception of a letter written by the victim's wife to the Aiken County sheriff two weeks before her husband was killed.

This letter expresses concern for the safety of the lives of the author, her children, and the deceased due to threats against them by Craig during the past year and asks for help in protecting their lives. The letter states that Craig is a sick man and "capable of doing something if he gets mad or drunk." It further states that Craig "has a reputation of being a mean man and is certainly capable of committing some dreadful act."

Defense counsel timely objected to the introduction of the letter on the ground it was hearsay [2] and contained statements attacking the defendant's char-

---

[2] Craig does not argue in his brief that he suffered prejudice from the hearsay nature of the letter. We deem this omission as an abandonment of the hearsay issue and do not discuss it.

acter. The trial judge overruled the objection and allowed the letter to be read to the jury. Upon further objection of counsel, the judge admonished the jury to disregard any statements in the letter concerning the defendant's character or reputation. The trial judge, however, later reversed his ruling and ordered the letter withdrawn as evidence and instructed the jury to disregard the letter in its entirety as he had changed his mind with reference to its admissibility.

Under our rules of evidence in criminal cases, the State is forbidden from attacking the character of the accused unless the accused chooses to make it an issue. *State v. Bolin*, 177 S. C. 57, 180 S. E. 809 (1935); *State v. Allen*, S. C. 224 S. E. (2d) 881 (1976). The statements in Mrs. Cooper's letter which portrayed Craig as a sick and mean person, capable of committing a dreadful act, were clearly inadmissible under this rule. [3] However, to warrant a new trial, Craig must have been prejudiced by the initial erroneous reception of the letter. *State v. Robinson*, 238 S. C. 140, 119 S. E. (2d) 671 (1961).

An instruction to disregard incompetent evidence or the withdrawal of such evidence usually is deemed to have cured the error in its admission unless on the facts of the particular case it is probable that notwithstanding such instruction or withdrawal the accused was prejudiced. *State v. Britt*, 235 S. C. 395, 111 S. E. (2d) 669 (1959); 24 C. J. S. Criminal Law § 1444a (1961). Generally, the consideration of whether there was any prejudice requires that a motion for mistrial be made after the trial judge attempts to cure the error. *State v. Anderson*, 181 S. C. 527, 188 S. E. 186 (1936); *State v. Britt, supra.*

Craig made timely motions for mistrial in connection with the letter and they were denied by the trial judge. A mistrial should not be ordered in every

---

[3] The State does not argue and the record does not show that Craig ever made his character an issue.

case where incompetent evidence is received and later stricken out. *State v. Singleton,* 167 S. C. 543, 166 S. E. 725 (1932). This Court "favors the exercise of a wise discretion of the circuit judge in determining the merits of such motion in each individual case . . . [T]he character of the testimony, the circumstances under which offered, the nature of the case, other testimony in the case, and perhaps other matters, should be considered." Id.

In this case, the trial judge articulated the following reason for his decision:

"I'm of the opinion, more particularly after questioning the members of this jury panel under voir dire, that they are an intelligent jury and are capable of following my instructions, that is, not allowing that letter to in any way enter into their decisions as to the facts in this case."

The apparent motive for the shooting was jealousy over the woman Cooper had recently married. The State presented several witnesses who testified that Craig had threatened to ' kill Cooper on several occasions and Craig admitted shooting over Cooper's head twice before.

The facts in *Britt, supra,* relied upon by Craig are not compelling. The nature of the incompetent evidence there, Britt's prior criminal record and his refusal to take a lie detector test, created a substantially greater likelihood that the jury decision was influenced by such evidence than in the present case.

Under the facts of this case, we conclude that the trial judge did not abuse his discretion by failing to order a mistrial on account of the letter.

Craig also contends the trial judge erred in refusing to charge the law of involuntary manslaughter. Craig admitted intentionally firing his shotgun but claimed he only meant to shoot over Cooper's head. We find no error.

Finally, Craig argues the trial judge did not adequately instruct the jury on the difference ,between common law murder and murder punishable ,by death under S. C. Code § 16-52 (Cum. Supp. 1975). The jury verdict makes this a moot issue in that he was convicted of the lesser charge. *State v. Chambers,* 194 S. Ct. 197, 9 S. E. (2d) 549 (1940); *State v. Deas,* 202 S. C. 9, 23 S. E. (2d) 820 (1943).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.