479 S.E.2d 57

**The STATE, Respondent,**

v.

**Keith SIMPSON, Appellant.**

No. 24543.

Supreme Court of South Carolina.

Heard April 2, 1996.

Decided Dec. 9, 1996.

Rehearing Denied Jan. 10, 1997.

38

Assistant Appellate Defender Robert M. Dudek, of South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Robert F. Daley, Jr., Columbia; and Solicitor Holman C. Gossett, Jr., Spartanburg, for respondent.

FINNEY, Chief Justice.

Keith Simpson appeals his conviction and death sentence asserting numerous exceptions. We consolidate his appeal with our mandatory review pursuant to S.C.Code Ann. § 16–3–25 (1985). We affirm.

## FACTS

The victim was shot and killed during a robbery of his convenience store. Appellant was indicted for murder, armed robbery, assault and battery with intent to kill (ABIK), possession of a firearm during the commission of a violent crime, and five counts of pointing a firearm. Appellant was convicted by a jury on all counts and sentenced to death for the murder. He received consecutive terms of thirty years for the armed robbery; twenty years for ABIK; five years for possession of a firearm; and five years each for the five counts of pointing a firearm.

## DISCUSSION

### Exclusion of venireman

Appellant asserts the trial judge erred by disqualifying Juror David Lee for cause because of his statements that he could not impose the death penalty. Mr. Lee was initially death penalty qualified during voir dire. On the day following completion of voir dire, the judge asked if any member of the jury had any change in his/her ability to serve. Mr. Lee responded that he had "done some soul searching" and "didn't feel good about any of this." During further questioning in chambers in the presence of the attorneys and appellant, Mr. Lee stated that due to his religious beliefs he would much rather take a portion of his paycheck to support appellant in prison than to put him to death. Mr. Lee expressed at least three times that under no circumstances would he agree to impose the death penalty.

The trial judge concluded that although Mr. Lee was initially found qualified, he did not find the juror qualified under S.C.Code Ann. § 16-3-20(E) (Supp.1995) because Mr. Lee could not consider imposing the death penalty. Appellant's counsel objected to the exclusion of Mr. Lee because he was initially qualified in open court.

A prospective juror may be excluded for cause if his views on capital punishment would prevent or substantially impair the performance of his duties as a juror. *State v. Elmore*, 300 S.C. 130, 386 S.E.2d 769 (1989), *cert. denied*, 496 U.S. 931, 110 S.Ct. 2633, 110 L.Ed.2d 652 (1990). A juror's competence is within the trial judge's discretion and is not reviewable on appeal unless wholly unsupported by the evidence. *State v. Thompson*, 278 S.C. 1, 292 S.E.2d 581, *cert. denied*, 456 U.S. 938, 102 S.Ct. 1996, 72 L.Ed.2d 458 (1982), *overruled in part on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991) (abolishing *in favorem vitae* review). The trial judge had a reasonable basis to conclude that Mr. Lee could not faithfully carry out his duty under the law. In view of Mr. Lee's statements during the subsequent questioning, he was properly excused for cause. Appellant urges that because Mr. Lee's views were stated differently upon subsequent questioning, he should be held to his initial responses to voir dire which found him death qualified. We

follow the holding in *McManus v. State*, 591 S.W.2d 505 (Tex.Crim.App.1979), *overruled on other grounds by Reed v. State*, 744 S.W.2d 112 (Tex.Crim.App.1988) that the trial court did not err in excluding for cause a juror who was initially death penalty qualified, but later had a change of heart and was not sure he could give the case fair and impartial consideration. Here, Mr. Lee firmly stated three times upon subsequent questioning that he could not impose the death penalty. Accordingly, the trial judge did not err in excluding Mr. Lee for cause. *State v. Elmore, supra.*

### Admission of testimony

██ Appellant contends the trial court erred by not excluding testimony of Anthony Scott (who was shot in the store's parking lot) concerning his nine year-old son becoming hysterical after Mr. Scott was shot. Prior to trial, a motion in limine hearing was held concerning Anthony Scott's anticipated testimony. Appellant's counsel argued his testimony would be extremely prejudicial. The court ruled the statement would be a present-sense impression that conveyed the nature of the events as they transpired at that time. The judge did not find Scott's anticipated testimony would be prejudicial or inflammatory and denied the motion to exclude.

██ Mr. Scott testified before the jury that after being shot he recalled his son running around the parking lot "hollering and crying." Appellant's counsel did not make any objections during the testimony. Accordingly, this issue is not preserved for appellate review. A ruling in limine is not a final ruling on the admissibility of evidence. *State v. Schumpert*, 312 S.C. 502, 435 S.E.2d 859 (1993). Unless an objection is made at the time the evidence is offered and a final ruling made, the issue is not preserved for review. *Id.*

### Refusal to grant mistrial

██ The solicitor read into the record on redirect a witness's statement to the police that he was afraid appellant would come back and shoot them *too.*[1] Appellant contends that in the motion in limine hearing, the state agreed the word

---

1. The prior statement was read on redirect to rehabilitate the witness.

"too" would not be used. Appellant's counsel objected and moved for a mistrial. The judge denied the motion, but gave a curative instruction to disregard the incompetent evidence (which the judge restated) because it was speculative.

An instruction to disregard incompetent evidence usually is deemed to have cured the error in its admission unless on the facts of the particular case it is probable that notwithstanding such instruction or withdrawal the accused was prejudiced. *State v. Craig*, 267 S.C. 262, 227 S.E.2d 306 (1976). A mistrial should not be ordered in every case where incompetent evidence is received and later stricken out. *State v. Singleton*, 167 S.C. 543, 166 S.E. 725 (1932). The granting of a mistrial is a matter within the sound discretion of the trial judge, and his decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law. *State v. Wasson*, 299 S.C. 508, 386 S.E.2d 255 (1989). The trial judge noted that given the statement as a whole, the cumulative nature of the statement and the testimony admitted, appellant was not prejudiced to the point of a mistrial. Under the facts of this case, the trial judge did not abuse his discretion by failing to order a mistrial.

### Victim Impact Evidence

Appellant asserts the prejudicial effect of the victim impact testimony outweighed its probative value. He asserts the highly emotional nature of the victim impact testimony and testimony of the victim's standing in the community prevented a fair sentencing hearing for appellant. We disagree.

The state introduced victim impact testimony from the victim's wife and son. They testified about the kind of person the victim was and the impact his death has had on their family. It was permissible under *Payne v. Tennessee*, 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991) to allow testimony from family members about the character and type of person the victim was. Furthermore, this issue is not properly preserved for review as counsel did not object to the testimony from the two family members during either the in limine hearing or during their testimony. *State v. Schumpert, supra.*

## Parole Ineligibility

Appellant contends the trial judge erred in refusing to instruct the jury that he would not be eligible for parole for twenty or thirty years if the jury sentenced him to life imprisonment. During the sentencing phase, appellant's counsel requested an instruction that appellant would not be eligible for parole for twenty years if the jury did not find an aggravating circumstance and thirty years if the jury found an aggravating circumstance. The court denied his request and found that *Simmons v. South Carolina,* 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994) only applies when the state makes future dangerousness an issue and state law prohibits a defendant from ever being parole eligible. The court charged the jury that the terms life imprisonment and death sentence were to be understood in their plain and ordinary meaning.

When the state puts future dangerousness at issue and state law prohibits defendant's release on parole, due process requires that a defendant be allowed to bring parole ineligibility to the jury's attention. *Simmons v. South Carolina, supra.* Appellant contends future dangerousness was put at issue by allowing a witness's statement that he feared appellant would come back and shoot him; testimony that appellant stated prior to the murder, he had not killed anybody today; and the state's portrayal of appellant as a dangerous murderer with no regard for human life. Whether or not these statements were used to show future dangerousness, *Simmons* only applies where both prongs of the test are met. *State v. Southerland,* 316 S.C. 377, 447 S.E.2d 862 (1994), *overruled in part on other grounds by State v. Chapman,* 317 S.C. 302, 454 S.E.2d 317 (1995), *cert. denied* 513 U.S. 1166, 115 S.Ct. 1136, 130 L.Ed.2d 1096 (1995). The second prong of the test is not met here since appellant is eligible for parole. Accordingly, the trial judge properly charged the terms life imprisonment and death sentence are to be understood in their plain and ordinary meaning. *State v. Young,* 319 S.C. 33, 459 S.E.2d 84 (1995); *State v. Norris,* 285 S.C. 86, 328 S.E.2d 339 (1985), *overruled in part on other grounds by State v. Torrence, supra.*

We granted appellant's petition to argue against precedent that where the state argues defendant's future danger-

ousness in support of a death sentence, the jury be informed of the true length of the defendant's parole ineligibility. We decline to overturn precedent and affirm on this issue. *Simmons, supra; State v. Young, supra; State v. Norris, supra.*

## CONCLUSION

We have conducted the proportionality review pursuant to S.C.Code Ann. § 16-3-25. The death sentence in appellant's case was not the result of passion, prejudice, or any other arbitrary factor. The jury's finding of aggravating circumstances is supported by the evidence. Further, we hold the death penalty here is not excessive or disproportionate to the penalty imposed in similar capital cases. *See State v. Sims,* 304 S.C. 409, 405 S.E.2d 377 (1991), *cert. denied,* 502 U.S. 1103, 112 S.Ct. 1193, 117 L.Ed.2d 434 (1992); *State v. Thompson, supra.* The sentence of death is

**AFFIRMED.**

TOAL, MOORE, WALLER and BURNETT, JJ., concur.