THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Demetrius R. Spencer,       
Appellant.
 
 
 

Appeal From Greenwood County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2003-UP-419
Submitted April 7, 2003  Filed June 
 19, 2003

AFFIRMED

 
 
 
Senior Assistant Appellate Defender Wanda H. Haile, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General Melody J. Brown, all of Columbia; and Solicitor William 
 Townes Jones, of Greenwood, for Respondent.
 
 
 

PER CURIAM:  Demetrius R. Spencer was convicted 
 of numerous crimes, including grand larceny of a motor vehicle and armed robbery.  
 Spencer appeals.  We affirm.
FACTS/PROCEDURAL HISTORY
In July, 1998, a black male, later identified as Spencer, 
 entered a convenience store wearing white Nike shoes, jeans, and a white t-shirt.  
 He watched the store clerk count money, asked to use the restroom, and left.  
 Approximately ten minutes later, a black male entered the store wearing a nylon 
 stocking over his head, jeans, a black, hooded sweatshirt, and white Nike shoes.  
 The clerk recognized the voice and the white Nike shoes as belonging to the 
 same man, who had previously entered the store.  The robber pointed a gun at 
 the clerk and ordered her to give him money.  The clerk filled a bank bag with 
 approximately $3,000 in small bills and gave it to the robber, who left the 
 store.
As he left the store, the robber encountered two store 
 patrons.  He initially pointed the gun at them, but then lowered the gun and 
 fired it at the ground.  The robber left the stores parking lot on foot and 
 headed down Haltiwanger Road toward Mallard Court.  Immediately following the 
 robbery, a police officers patrol car was almost struck by a red and white 
 Mercury Marquis being driven away from Mallard Court by a black male.  Subsequently, 
 police officers discovered a red and white Mercury Marquis abandoned behind 
 a nearby business.  During a search of the vehicle, officers found a small amount 
 of cash, a dark, hooded sweatshirt, nylon hosiery and Spencers fingerprints 
 on the vehicles stick-shift.  Officers also discovered the vehicle had been 
 reported stolen earlier that day by a used car dealership located near the Econolodge 
 Motel.
Following the robbery, Spencer visited a used car dealership 
 and expressed interest in purchasing a Cadillac but indicated he wanted it titled 
 in his sisters name.  That afternoon, Spencers sister returned and purchased 
 the Cadillac for $1,260.00, using small bills.
Police officers arrested Spencer for armed robbery.  
 While at the police station, Spencer made a phone call, during which an officer 
 overheard Spencer telling someone to go by room 269 to get his clothes and 
 shoes.  Officers determined Spencers sister was registered in room 269 at the 
 Econolodge.  Officers searched the motel room, and found Spencers fingerprints 
 and a pair of white Nike shoes.  During a subsequent search of the area around 
 Spencers home, police officers found the bank bag given to the robber during 
 the robbery.
Spencer was tried and convicted of armed robbery, two 
 counts of assault of a high and aggravated nature, grand larceny, pointing and 
 presenting a firearm, and possession of a firearm during the commission of a 
 violent crime.  Spencer was sentenced to 30 years imprisonment for armed robbery, 
 10 years imprisonment for each count of assault of a high and aggravated nature, 
 5 years imprisonment for grand larceny, 5 years imprisonment for pointing and 
 presenting a firearm, and 5 years imprisonment for possession.  The sentence 
 for armed robbery was to be served consecutively with the sentence for one count 
 of assault of a high and aggravated nature.  The other sentences were to be 
 served concurrently.  Spencer appeals.
LAW/ANALYSIS
On appeal, Spencer asserts the trial court erred 
 by: 1) failing to sever the grand larceny charge from the other charges; 2) 
 denying Spencers motion for a directed verdict with respect to the grand larceny 
 charge; 3) allowing the State to introduce evidence of a conversation between 
 Spencer and the used car dealer regarding the purchase of a Cadillac, as well 
 as evidence of the subsequent purchase of that vehicle by Spencers sister; 
 and 4) allowing the State to introduce into evidence items found during a warrantless 
 search of the Mercury Marquis.
I.       Severance of Grand Larceny Charge
Spencer argues the trial court erred by failing 
 to sever the grand larceny charge because it did not arise out of the same transaction 
 as the other charges.  We disagree.
A motion to sever is addressed to the sound discretion 
 of the trial court, and this Court will not disturb that decision absent an 
 abuse of discretion.  State v. Tucker, 324 S.C. 155, 164, 478 S.E.2d 
 260, 265 (1996).  Charges can be . . . tried together where they arise out 
 of a single chain of circumstances, are proved by the same evidence, or are 
 of the same general nature, and no real right of the defendant has been prejudiced.  
 Id.  Moreover, [w]hen offense are interconnected they are considered 
 to be part of the same general nature.  State v. Grace, 350 S.C. 19, 
 23, 564 S.E.2d 331, 333 (Ct. App. 2002), cert. denied (Nov. 21, 2002); 
 see also State v. Tate, 286 S.C. 462, 464, 334 S.E.2d 289, 290 
 (1985) (holding a single chain of circumstances means a single course of conduct 
 or connected transactions).
In the present case, the grand larceny, armed robbery 
 and other charges were all committed within a short time.  These crimes were 
 also committed in close geographic proximity to each other.  Furthermore, an 
 eyewitness testified that approximately fifteen minutes prior to the armed robbery 
 she saw the Mercury Marquis parked in the middle of the driveway on Mallard 
 Court, facing outwards.  The witness further testified that a few moments after 
 the armed robbery, she saw the vehicle driving away.  Another eyewitness testified 
 that after the robbery, the robber ran along Haltiwanger Road toward Mallard 
 Court.  Additionally, a police officer testified that while responding to the 
 emergency call regarding the robbery, his patrol car was almost struck by a 
 Mercury Marquis being driven away from Mallard Court by a black male.  Finally, 
 police officers discovered evidence in the Mercury Marquis connecting Spencer 
 to the armed robbery.
From the evidence presented at trial, a reasonable 
 jury could have concluded Spencer stole the Mercury Marquis prior to the armed 
 robbery with the intent of using it as his get-a-way car.  The vehicle was 
 parked in a location and manner allowing the robber to escape quickly from the 
 area, following the armed robbery.  Evidence of the armed robbery was obtained 
 from inside the Mercury Marquis, thus connecting the grand larceny with the 
 armed robbery.  Moreover, because evidence regarding Spencers theft of the 
 vehicle would have been admissible in a separate trial for armed robbery to 
 furnish[] part of the context of the crime . . . [or] to complete the story 
 of the crime . . . by proving its immediate context or the res gestae . . 
 . [no] reason [would exist] to fragmentize the event under inquiry.  State 
 v. Adams, 322 S.C. 114, 122, 470 S.E.2d 366, 370-71 (1996) (quoting United 
 States v. Masters, 622 F.2d 83, 86 (4th Cir. 1980)).  Finally, by consolidating 
 all charges, the trial court was fostering judicial economy.  See United 
 States v. Hines, 39 F.3d 74, 79 (4th Cir. 1994), vacated in part on other 
 grounds by Hines v. United States, 516 U.S. 1156 (1996), cited 
 with approval in Grace, 350 S.C. at 24, 564 S.E.2d at 333-34.
Thus, given our limited scope of review, we cannot 
 say the trial court abused its discretion in consolidating the grand larceny 
 charge with the other charges against Spencer.
II.      Motion for Directed Verdict
Spencer argues the trial court erred by failing 
 to grant a directed verdict with respect to the grand larceny charge because 
 the State failed to produce sufficient evidence establishing Spencer stole the 
 Mercury Marquis.  We disagree.
A defendant is entitled to a directed verdict 
 when the State fails to produce evidence of the offense charged.  State 
 v. McKnight, 352 S.C. 635, 642, 576 S.E.2d 168, 171 (2003).  However, [when] 
 reviewing a motion for directed verdict, the trial judge is concerned with the 
 existence of the evidence, not with its weight.  Id.  On appeal from 
 the denial of a motion for directed verdict, this Court must view the evidence 
 in a light most favorable to the State[,] State v. Burdette, 335 S.C. 
 34, 46, 515 S.E.2d 525, 531 (2000), and determine whether there is any direct 
 or substantial circumstantial evidence that reasonably tends to prove the defendants 
 guilt or from which his guilt may be logically deduced[,] State v. Pinckney, 
 339 S.C. 346, 349, 529 S.E.2d 526, 527 (2000).
Just prior to the robbery, the stolen Mercury Marquis 
 was parked on Mallard Court, facing outwards.  After robbing the store and threatening 
 two of its patrons, the robber left the stores parking lot and immediately 
 ran down Haltiwanger Road toward Mallard Court.  A black male then hastily drove 
 the stolen vehicle away from Mallard Court, almost striking a police officers 
 patrol vehicle.  The vehicle was later discovered abandoned, behind a nearby 
 business with evidence tying Spencer to the armed robbery and the stolen vehicle.
Taking this evidence in the light most favorable 
 to the state, we find substantial circumstantial evidence exits from which a 
 reasonable jury could logically deduce Spencer stole the Mercury Marquis prior 
 to the armed robbery.  See Burdette, 335 S.C. at 46, 515 S.E.2d 
 at 531; Pinckney, 339 S.C. at 349, 529 S.E.2d at 527.  Therefore, the 
 trial court correctly refused Spencers motion for a directed verdict.
III.    Used Car Purchase
Spencer argues the trial court erred by allowing the 
 State to introduce evidence of a conversation between Spencer and a used car 
 dealer regarding the purchase of a Cadillac, as well as evidence of the subsequent 
 purchase of vehicle by Spencers sister, asserting the evidence was irrelevant 
 and prejudicial.  We disagree.
The trial [court] is given broad discretion in ruling 
 on questions concerning the relevancy of evidence, and [its] decision will be 
 reversed only if there is a clear abuse of discretion.  State v. Alexander, 
 303 S.C. 377, 380, 401 S.E.2d 146, 148 (1991).  Evidence is relevant if it tends 
 to make more or less probable some matter at issue on which it directly or indirectly 
 bears.  State v. Schmidt, 288 S.C. 301, 303, 342 S.E.2d 401, 403 (1986).  
 Moreover, [a]ll that is required[, for evidence to be relevant,] is that the 
 fact shown tends to make more or less probable some matter in issue and to bear 
 directly or indirectly thereon. It is not required that the inference sought 
 should necessarily follow from the fact proved.  State v. Benjamin, 
 345 S.C. 470, 480 n.8, 549 S.E.2d 258, 263 n.8 (2001).  Furthermore, relevant 
 evidence may be excluded if its probative value is substantially outweighed 
 by danger of unfair prejudice.  Rule 403, SCRE; see State v. Shuler, 
 353 S.C. 176, ___, 577 S.E.2d 438, 442 (2003).
During trial, the court admitted, over Spencers objection, 
 the following evidence: 1) the morning of the robbery, Spencer visited a used 
 car dealership and expressed interest in purchasing a Cadillac but indicated 
 he wanted it titled in his sisters name; and 2) Spencers sister returned that 
 afternoon and purchased the vehicle for $1,260.00, using small bills.  Spencer 
 asserts this was error.
Contrary to Spencers contention, this evidence was 
 admissible to establish Spencers motive for committing the robbery and to describe 
 his attempt to cover up the crime.  Moreover, Spencer asserts this evidence 
 was substantially more prejudicial than probative but provides us with no additional 
 explanation.  Having thoroughly reviewed the record, we see no reason to disturb 
 the trial courts exercise of its broad discretion in admitting this evidence.  
 Alexander, 303 S.C. at 380, 401 S.E.2d at 148.
IV.    Warrantless Search
Spencer argues the trial court erred by permitting 
 the State to introduce evidence found during a warrantless search of the Mercury 
 Marquis.  This issue is not preserved for appellate review.
A ruling in limine is not final; unless 
 an objection is made at the time the evidence is offered and a final ruling 
 procured, the issue is not preserved for review.  State v. Owens, 346 
 S.C. 637, 651, 552 S.E.2d 745, 753 (2001); see State v. Simpson, 
 325 S.C. 37, 42, 479 S.E.2d 57, 60 (1996) (holding [u]nless an objection is 
 made at that time the evidence is offered and a final ruling made, the issue 
 is not preserved for review).
Before trial, Spencer made a motion in limine, 
 asking the trial court to exclude all evidence obtained from the warrantless 
 search of the Mercury Marquis.  The trial court denied Spencers motion but 
 specifically reserved the right to review its ruling as evidence was presented 
 during the trial.  During the trial, the State offered into evidence items obtained 
 during the search of the Mercury Marquis.  When the trial court asked whether 
 there was any objection, Spencers counsel responded No objection, and the 
 trial court admitted the items.
Although Spencer made a motion in limine 
 prior to trial to exclude this evidence, he did not make a contemporaneous objection 
 when the State offered the evidence during the trial.  Thus, this issue is not 
 preserved for our review.  See Owens, 346 S.C. at 651, 552 S.E.2d 
 at 753; Simpson, 325 S.C. at 42, 479 S.E.2d at 60.
CONCLUSION
For the foregoing reasons, Spencers convictions 
 are
AFFIRMED. [1] 
STILWELL, HOWARD, JJ., and STROM, Acting Judge, 
 concur.

 
 [1] 
 Because oral argument would not aid the Court in resolving any issue 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.