THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Barry Lee Underwood, Appellant.
 
 
 

Appeal From Spartanburg County
 Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2006-UP-358
Submitted October 1, 2006  Filed October 23, 2006

AFFIRMED

 
 
 
Druanne D. White, of Anderson, for Appellant.
Attorney General Henry D. McMaster; Chief Deputy Attorney General John W. McIntosh; Assistant Deputy Attorney General Salley W. Elliott; Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Howard W. Gowdy, of Spartanburg; for Respondent.
 
 
 

PER CURIAM:  Appellant, Barry Lee Underwood, was indicted for and convicted of trafficking in methamphetamine, possession of a firearm during the commission of a violent crime, and possession with intent to distribute a controlled substance.  The trial court sentenced Underwood to thirty years on the trafficking charge, and five years each on the firearm charge and possession with intent to distribute charge.  Underwood appeals, asserting the trial court erred in failing to suppress evidence based on insufficient search warrants.  We affirm[1] pursuant to Rule 220(b)(2), SCACR and the following authorities: State v. Mitchell, 330 S.C. 189, 193 n.3, 498 S.E.2d 642, 644 n.3 (1998);  State v. Simpson, 325 S.C. 37, 42, 479 S.E.2d 57, 60 (1996);  State v. Schumpert, 312 S.C. 502, 507, 435 S.E.2d 859, 862 (1993) (noting a ruling in limine is not a final ruling on the admissibility of evidence and thus requires an objection be made at the time the evidence is offered in order to preserve the issue for review); State v. Bowman, 366 S.C. 485, 500, 623 S.E.2d 378, 386 (2005) (holding that in most cases, making a motion in limine to exclude evidence at the beginning of trial does not preserve the issue for review because a motion in limine is not a final determination, and the moving party must make a contemporaneous motion at the time the evidence is introduced);  State v. Bowman, 366 S.C. 485, 500, 623 S.E.2d 378, 386 (2005);  State v. Forrester, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001) (finding exception to rule requiring a contemporaneous objection occurs where the trial court makes a ruling on the admission of the evidence on the record immediately prior to the introduction of evidence in question);  State v. Burton, 356 S.C. 259, 265-66, 589 S.E.2d 6, 9 (2003)  (holding a motion for directed verdict challenges the sufficiency of properly admitted evidence and where evidence is not objected to when offered, it is properly admitted evidence).
AFFIRMED.
 ANDERSON, HUFF and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.