**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Robert Lee Johnson, Appellant.

Appellate Case No. 2010-169668

———————————

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-590
Submitted October 1, 2012 – Filed October 31, 2012

———————————

**AFFIRMED**

———————————

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

———————————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Bantan*, 387 S.C. 412, 417, 692 S.E.2d 201, 203 (Ct. App. 2010) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *State v. Craig*, 267 S.C. 262, 268, 227 S.E.2d 306, 309 (1976) ("An instruction to disregard incompetent evidence or the withdrawal of such evidence usually is deemed to have cured the error in its admission unless on the facts of the particular case it is probable that notwithstanding such instruction or withdrawal the accused was prejudiced."); *State v. Council*, 335 S.C. 1, 11-13, 515 S.E.2d 508, 513-14 (1999) (affirming the denial of a mistrial where a witness for the State referenced prior SLED records); *State v. Thompson*, 352 S.C. 552, 561, 575 S.E.2d 77, 82 (Ct. App. 2003) (holding a witness's vague reference to the defendant's prior criminal activity did not warrant a mistrial when the State did not attempt to introduce evidence of other crimes).

**AFFIRMED.**[1]

**FEW, C.J., and WILLIAMS and PIEPER, J.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.