**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Summer O'Quinn, Appellant.

Appellate Case No. 2010-180586

―――――――――

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2013-UP-212
Heard May 6, 2013 – Filed May 22, 2013

―――――――――

**AFFIRMED**

―――――――――

Assistant Appellate Defender Dayne C. Phillips, of Lexington, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs Jr., all of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

―――――――――

**PER CURIAM:**  This appeal arises out of Appellant Summer O'Quinn's conviction for accessory before the fact to second-degree burglary.  We affirm pursuant to Rule 220(b), SCACR.  As to Issue 1:  *State v. Pace*, 337 S.C. 407, 419, 523 S.E.2d 466, 472 (Ct. App. 1999) (noting "where the trial court gives the jury a curative instruction, no issue is preserved for appellate review if the objecting party accepts the judge's ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move again for mistrial").  However, even if preserved, we find no error of law in the trial court's decision.  *See State v. Simpson*, 325 S.C. 37, 43, 479 S.E.2d 57, 60 (1996) ("A mistrial should not be ordered in every case where incompetent evidence is received and later stricken out."); *State v. Key*, 256 S.C. 90, 93, 180 S.E.2d 888, 889 (1971) (noting insubstantial errors that do not impact the result of a case do not warrant a mistrial when guilt is conclusively proven by competent evidence).  As to Issue 2: *State v. Brandt*, 393 S.C. 526, 542, 713 S.E.2d 591, 599 (2011) (finding a motion for directed verdict is properly denied when there is any direct evidence or substantial circumstantial evidence that reasonably tends to prove the defendant's guilt); *State v. McHoney*, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) ("In reviewing a motion for directed verdict, the trial judge is concerned with the existence of the evidence, not with its weight.").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**