**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jerome Renaldo Campbell, Appellant.

Appellate Case No. 2012-208426

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2013-UP-338
Submitted July 1, 2013 – Filed August 7, 2013

**AFFIRMED**

Stephan V. Futeral and Thomas C. Nelson, both of
Futeral & Nelson, LLC, of Mt. Pleasant, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, and Senior
Assistant Deputy Attorney General Donald J. Zelenka, all
of Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, for Respondent.

**PER CURIAM:** Jerome Campbell appeals his convictions for murder and assault with intent to kill, arguing the trial court (1) abused its discretion by allowing the State to challenge and remove a juror without cause during trial; and (2) erroneously gave the State an impermissible sixth peremptory challenge during trial. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court abused its discretion in excluding the juror: *Palacio v. State*, 333 S.C. 506, 517, 511 S.E.2d 62, 68 (1999) ("[A] criminal defendant has no right to a trial by any particular jury, but only a right to a trial by a competent and impartial jury."); *State v. Smith*, 338 S.C. 66, 71, 525 S.E.2d 263, 265-66 (Ct. App. 1999) ("A decision on whether to dismiss a juror and replace her with an alternate . . . lies within the sound discretion of the trial court."); *State v. Simpson*, 325 S.C. 37, 41, 479 S.E.2d 57, 59 (1996) ("A juror's competence is within the trial [court's] discretion and is not reviewable on appeal unless wholly unsupported by the evidence."); *State v. Simmons*, 360 S.C. 33, 42-43, 599 S.E.2d 448, 452 (2004) (holding the trial court did not abuse its discretion by excusing a juror who had an improper conversation with a family member about the case).

2. As to whether the State exercised an impermissible sixth peremptory challenge: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 693-94 ("Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("[A] party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[1]

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.