**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Sammie Lee Gerrick, Appellant.

Appellate Case No. 2014-000385

―――――――――

Appeal From Barnwell County
Doyet A. Early, III, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2016-UP-092
Submitted February 1, 2016 – Filed February 24, 2016

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Caroline M. Scrantom, all of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

―――――――――

**PER CURIAM:**  Sammie Lee Gerrick appeals his conviction for murder, arguing the trial court erred by (1) admitting into evidence photographs of a root[1] and a canister labeled "Law Stay Away," (2) denying his motion for a mistrial after a witness testified the root was associated with witchcraft, and (3) denying his motion for a mistrial after the State showed an interrogation video that purportedly pictured a polygraph machine on a table.  We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We find the trial court did not abuse its discretion by admitting the photographs. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion.  An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." (citation omitted)); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *State v. Martin*, 403 S.C. 19, 26, 742 S.E.2d 42, 46 (Ct. App. 2013) ("As a general rule, any guilty act, conduct, or statements on the part of the accused are admissible as some evidence of consciousness of guilt." (quoting *State v. McDowell*, 266 S.C. 508, 515, 224 S.E.2d 889, 892 (1976))); *id.* at 26-27, 742 S.E.2d at 46 (finding evasive conduct is admissible to show consciousness of guilt).

2.  We find the trial court did not err in denying Gerrick's motion for mistrial as to the "witchcraft" statement.  *See State v. Stanley*, 365 S.C. 24, 33, 615 S.E.2d 455, 460 (Ct. App. 2005) ("The decision to grant or deny a mistrial is within the sound discretion of the trial [court].  The [trial] court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law." (citations omitted)); *id.* at 34, 615 S.E.2d at 460 ("[A] defendant must show both error and resulting prejudice in order to be entitled to a mistrial."); *id.* ("The granting of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that prejudicial effect can be removed in no other way."); *State v. Craig*, 267 S.C. 262, 268, 227 S.E.2d 306, 309 (1976) (providing that a curative instruction to disregard incompetent evidence "usually is deemed to have cured the error in its admission").

---

[1] The "root" was a brown piece of paper with writing on it, rolled up with various items inside of it, and taped closed.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

3.  We find the trial court did not err in denying Gerrick's motion for mistrial as to the video.  *See Stanley*, 365 S.C. at 33, 615 S.E.2d at 460 (noting a trial court's denial of a motion for a mistrial is subject to an abuse of discretion standard of review on appeal); *id.* at 34, 615 S.E.2d at 460 ("[A] defendant must show both error and resulting prejudice in order to be entitled to a mistrial.").

**AFFIRMED.**

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**