**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Darrell Raines, Appellant.

Appellate Case No. 2016-000142

———————

Appeal From Laurens County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-188
Heard April 2, 2019 – Filed May 29, 2019

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, Assistant Attorney General Susannah Rawl Cole, all of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:** Darrell Raines appeals his convictions for murder and possession of a weapon during the commission of a violent crime. On appeal, Raines argues the trial court erred in (1) admitting a recording of his interrogation by law enforcement without redacting investigators' hearsay statements and (2) admitting text messages purportedly sent by the victim when such messages constituted hearsay. We affirm.

1. We find the admission of the investigators' numerous statements accusing Raines of lying was erroneous because the statements constituted inadmissible hearsay. *See* Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); *State v. Brewer*, 411 S.C. 401, 406, 768 S.E.2d 656, 658 (2015) (holding the admission of an "unredacted audiotaped interrogation was an abuse of discretion"); *id.* at 406, 768 S.E.2d at 658-59 ("We acknowledge the propriety of law enforcement interrogation techniques, including misrepresenting the existence and strength of the evidence against an accused, as well as asking the accused to produce evidence voluntarily. . . . But such evidence will rarely be proper for a jury's consideration."); *id.* at 406-07, 768 S.E.2d at 659 (holding when "investigators frequently referenced *and quoted* many purported eyewitnesses" to the crime during the interrogation, such "evidence was hearsay, offered for the sole purpose of proving the truth of the matter asserted, establishing [the defendant's] guilt to all charges" (emphasis in original)); *id.* at 407-08, 768 S.E.2d at 659 (declining to establish "a categorical rule that any statement by an investigator during an interrogation is inadmissible at trial" but noting trial courts should exercise caution "to ensure that all out-of-court statements are either 'admissible for a valid nonhearsay purpose or as an exception to the hearsay rule'" (quoting *State v. Miller*, 676 S.E.2d 546, 556 (N.C. Ct. App. 2009))); *id.* at 408, 768 S.E.2d at 659 (noting "questions police pose during suspect interviews may contain false accusations . . . and inflammatory remarks that constitute legitimate points of inquiry during a police investigation, but that would otherwise be inadmissible in open court" (quoting *Miller*, 676 S.E.2d at 556)); *id.* at 407, 768 S.E.2d at 659 (finding "no support in the law for the State's argument that the interrogators' statements were admissible for purposes of context or for the effect the statements had on" the defendant).

Nevertheless, we find the admission of the hearsay statements was harmless beyond a reasonable doubt due to the overwhelming evidence of Raines' guilt. *See State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) ("When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, the [c]ourt should not set aside a conviction because of

insubstantial errors not affecting the result."); *Brewer*, 411 S.C. at 408, 768 S.E.2d at 660 ("The '[i]mproper admission of hearsay testimony constitutes reversible error only when the admission causes prejudice.'" (alteration in original) (quoting *State v. Jennings*, 394 S.C. 473, 478, 716 S.E.2d 91, 93 (2011))); *State v. Daniels*, 401 S.C. 251, 263, 737 S.E.2d 473, 479 (2012) (holding, in a circumstantial evidence case, there was overwhelming evidence of the defendant's guilt when "the circumstances proven [were] consistent with each other, and when taken together, point[ed] conclusively to the guilt of [the defendant] to the exclusion of every other reasonable hypothesis").

2. We find Raines' argument concerning the victim's text messages is unpreserved for appellate review. *See State v. Simpson*, 325 S.C. 37, 42, 479 S.E.2d 57, 60 (1996) ("Unless an objection is made at the time the evidence is offered and a final ruling made, the issue is not preserved for review.").

**AFFIRMED.**

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**