STATE v. GREEN.

1. ENTRY ON LANDS OF ANOTHER.—The provision of the law (Gen. Stat., § 2507), that "every entry on the enclosed or unenclosed land of another, after notice from the owner or tenant prohibiting the same, shall be deemed a misdemeanor," is not limited in its remedy to persons holding the legal title.

2. IBID.—Every entry on the lands of another, after notice from the

owner or tenant in possession of the land forbidding such entry, is a misdemeanor, without regard to the intention of the intruder.

Before WALLACE, J., Beaufort, September, 1891.

Indictment against William Green. The opinion states the case.

*Messrs. Elliott & Townsend*, for appellant.

*Mr. Murphy*, solicitor, contra.

February 11, 1892.   The opinion of the court was delivered by

MR. JUSTICE POPE. The defendant was convicted before T. G. White, Esq., as trial justice, of entering upon the unenclosed land of one Peter Massey, situate on Ladies Island, in Beaufort County, after notice from said Massey forbidding him to do so, and sentenced to pay a fine of ten dollars and costs, or to imprisonment in the county jail for twenty days. From this judgment of the trial justice, an appeal was taken by defendant to the Circuit Court on several grounds, and came on to be heard by Judge Wallace, who dismissed the appeal and affirmed the judgment of the trial justice. The appellant has appealed from the judgment of the Circuit Judge upon the following grounds and exceptions: 1. Because his honor, the presiding judge, erred in holding that it was not necessary for the person forbidding the entry to have the legal title. 2. Because his honor, the presiding judge, erred in holding that he could not take into consideration the intention of the defendant in making the entry.

Peter Massey had purchased from one M. Pullitzer a small tract of land and had paid the purchase money therefor, going into possession at once. Afterwards, however, because Massey had become otherwise indebted to said Pullitzer, he was denied a title deed to such land. William Green, the defendant, under some agreement with Pullitzer, entered upon the land in question, but Massey promptly gave him notice not to enter. Again the defendant entered upon the land in disregard of such notice. This prosecution was then commenced

before a trial justice. Section 2507 of the General Statutes of this State provides: "Every entry on the enclosed or unenclosed land of another, after notice from the owner or tenant prohibiting the same, shall be deemed a misdemeanor."

Appellant's first ground of appeal is intended to have this court so to construe this section, as to limit the remedy supplied by it to persons who hold the legal title to lands. Such a construction of this section is too narrow and is, in fact, at variance with its express language, for it provides such remedy to the owner or *tenant*. Here Massey was either the owner, for he had purchased and paid for the land and had possession thereof, or, if not the owner, he was the tenant at will of the owner. This provision of the law was evidently meant to furnish the owner or tenant in possession of land the legal means to prevent any intrusion thereon by another, after notice prohibiting any entry on the same. Its object was highly commendable and the remedy very simple. *State* v. *Cockfield*, 15 Rich., 53; *State* v. *Mays*, 24 S. C., 190. Certainly it was no part of its object to devolve upon the courts, on the criminal side thereof, the trial of title to land. And this court approves the refusal of both the trial justice and Circuit Judge to regard with any favor this effort on the part of this defendant. We must overrule the first ground of appeal.

As to the second ground of appeal, we remark that it is also without substantial merit. Chief Justice Dunkin, in *State* v. *Cockfield, supra*, held that the question of intention in defendant, in a case precisely similar to that now under consideration, being an indictment under this section of the General Statutes, was for the Circuit Judge to consider. If, however, this was a new question, it would not benefit the defendant; for under the view we take of this provision of our laws, when the owner or tenant in possession of land forbids entry thereon, any person with notice who afterwards enters such premises is liable to punishment. The act and the intent are inseparable in these cases. This ground of appeal is also overruled.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.