655 S.E.2d 487

The STATE, Respondent

v.

Bobby Wayne STONE, Appellant.

No. 26408.

Supreme Court of South Carolina.

Heard Nov. 14, 2007.

Decided Dec. 20, 2007.

Rehearing Denied Jan. 23, 2008.

---

1. If the insured in not an individual, residence is determined by the location of the principal place of business.

Chief Appellate Defender Joseph L. Savitz, III, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General S. Creighton Waters, all of Columbia, and Solicitor Cecil Kelly Jackson, of Sumter, for respondent.

Chief Justice TOAL:

This is an appeal from a capital sentencing proceeding. The jury sentenced Appellant Bobby Wayne Stone to death, and Appellant argues that testimony from the victim's widow impermissibly injected an arbitrary factor into the jury's deliberations. Appellant did not raise this issue at trial, and

the issue is therefore not preserved for review. For this reason, we express no opinion on the merits, and we affirm the trial court's decision.

## FACTUAL/PROCEDURAL BACKGROUND

This case arises out of the shooting death of a Sumter County Sheriff's Deputy. According to Appellant, he began the day leading up to the fatal encounter by purchasing some alcohol and two firearms. Appellant spent the remainder of the day wandering in the woods near what would become the crime scene, shooting the firearms and becoming increasingly intoxicated. Towards the end of the day, Appellant attempted to visit the home of an acquaintance near the woods.

The acquaintance asked Appellant to leave her property, and the acquaintance later reported the incident to the police. After hearing banging on a door to her home and gunshots outside her house, the acquaintance phoned the police again. The victim was the first officer to respond to the call, and the evidence at trial established that Appellant was on the acquaintance's porch near a side door when the victim arrived at the scene. The occupants of the home directed the victim towards the porch as the source of the disturbances, and as the victim neared the side porch, he sustained two fatal gunshot wounds. While the State alleged that Appellant shot the victim intentionally, Appellant claimed that he was startled when the victim turned a corner outside the home and yelled "Halt!" or "Hold it!" and that the gun fired accidentally.

A jury convicted Appellant of murder and sentenced him to death. On appeal, this Court affirmed Appellant's convictions but reversed his death sentence. *State v. Stone*, 350 S.C. 442, 567 S.E.2d 244 (2002) (remanding for a new sentencing proceeding based on the improper exclusion of a juror from the penalty phase, the failure to charge the statutory mitigator addressing the defendant's impairment or mentality at the time of the crime, and the failure to instruct the jury that a life sentence meant life imprisonment without the possibility of parole). This Court remanded the case to the trial court to conduct a second sentencing proceeding. *Id.*

On remand, the State called several members of the victim's family and former co-workers as witnesses. The record re-

veals that the primary purpose of these witnesses' testimonies was to describe the impact of the victim's death on these individuals and on the community. One such witness was the victim's widow, and in response to a question regarding "significant events in her life" since the murder, the victim's widow testified that she had attempted suicide after learning that this Court had reversed Appellant's initial death sentence and that there would be another sentencing proceeding in this case. At the conclusion of the second sentencing proceeding, the jury sentenced Appellant to death.

This appeal followed, and Appellant raises the following issue for review:

Did the victim's widow's testimony regarding her suicide attempt impermissibly inject an arbitrary factor into the jury's deliberations?

## LAW/ANALYSIS

Appellant argues that the victim's widow's testimony regarding her suicide attempt impermissibly injected an arbitrary factor into the jury's deliberations. We disagree.

Appellant's argument is not preserved for review. At trial, Appellant objected as the victim's widow began to describe her suicide attempt. The record reveals that Appellant based his objection on causation grounds, arguing that the testimony implied that the cause of the suicide attempt was not the victim's murder, but the financial pressures the victim's widow was experiencing and the fact that Appellant would have another sentencing proceeding. In allowing the testimony, the trial court held that the victim's widow had attributed the facts relayed in the testimony to her relationship with the victim, and that the testimony was therefore relevant and admissible.

Appellant's argument before this Court goes along quite different lines. Appellant now argues that the victim's widow's testimony improperly invited the jury to speculate about the finality of its decision on the appropriate punishment and improperly invited the jury to consider how its decision might impact the victim's widow's future health. Thus, while Appellant's argument below focused on what caused the victim's widow to attempt suicide—meaning, what caused the testimo-

ny to be relevant—Appellant's argument on appeal abandons the issue of relevance and addresses only the effect this testimony may have had on the jury. Because Appellant did not argue these grounds in support of his objection at trial, Appellant's argument is not preserved for review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) (providing that in order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial court).

Appellant alleges that his argument on appeal is simply an augmentation of his objection at trial, but a thoughtful examination reveals that this is not so. Primarily, Appellant's objection at trial was based on relevance, and that issue has been abandoned here. Second, whether the suicide attempt by the victim's spouse minimized the jury's sense of responsibility (by suggesting that the jury's ultimate decision would be subject to review by a higher court) or maximized the jury's sense of responsibility (by implying that imposing a life sentence might lead the victim's widow to attempt suicide again), these considerations are wholly independent of the relevance argument presented below. If a pitch was never thrown at trial, we cannot review whether the trial court made the proper call.[1]

For these reasons, we hold that Appellant's argument is not preserved for review.

## CONCLUSION

For the foregoing reasons, we affirm Appellant's sentence. Our review of similar prior cases illustrates that imposing the death sentence in this case would be neither excessive nor disproportionate in light of the crime and the defendant. *See State v. Sapp*, 366 S.C. 283, 621 S.E.2d 883 (2005) (holding that the death penalty was warranted where defendant killed a law enforcement officer while the officer was performing his official duties); *State v. Hughes*, 336 S.C. 585, 521 S.E.2d 500

---

1. It is important to note that in *State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991), we held that South Carolina's strict error preservation rules are no less applicable in death penalty cases.

(1999) (same); *and State v. Johnson,* 306 S.C. 119, 410 S.E.2d 547 (1991) (same).

MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.