664 S.E.2d 80

**The STATE, Respondent,**

**v.**

**Freddie Eugene OWENS, Appellant.**

**No. 26520.**

Supreme Court of South Carolina.

Heard June 12, 2008.
Decided July 14, 2008.
Rehearing Denied Aug. 8, 2008.

Chief Appellate Defender Joseph L. Savitz, III, and Appellate Defender LaNelle C. DuRant, both of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General J. Anthony Mabry, all of Columbia, and Robert Mills Ariail, of Greenville, for Respondent.

Justice PLEICONES:

Appellant appeals his death sentence following a second resentencing proceeding. This opinion consolidates his appeal and the mandatory proportionality review. We affirm.

Appellant was convicted of murder, armed robbery, using a firearm during the commission of a violent crime, and conspiracy to commit armed robbery, and received a death sentence for murder, thirty years for armed robbery, and five years for each of the other two offenses. On his first appeal, the convictions were affirmed, but his death sentence reversed and his five year sentence for firearm possession vacated.[1]

---

1. Under S.C.Code Ann. § 16–23–490(A), no firearm sentence may be imposed where the defendant receives a death sentence or life sentence without parole for the violent crime. The vacation of appellant's

*State v. Owens*, 346 S.C. 637, 552 S.E.2d 745 (2001). Following a bench resentencing proceeding, appellant again received a death sentence. This Court vacated that sentence, finding the trial judge's comments to appellant in regard to his right to a jury trial constituted reversible error. *State v. Owens*, 362 S.C. 175, 607 S.E.2d 78 (2004).

This second resentencing was tried to a jury which returned a death sentence, finding two aggravating circumstances: (1) the murder was committed in the commission of robbery while armed with a deadly weapon and (2) the murder was committed while in the commission of larceny with use of a deadly weapon. S.C.Code Ann. § 16-3-20(C)(a)(1)(d) and (e). Appellant raises three issues on appeal.

## ISSUES

1) Whether the trial judge erred in disqualifying a juror?
2) Whether the solicitor's closing argument was improper?
3) Whether the trial judge erred in admitting redacted prison disciplinary records?

## ANALYSIS

■ Appellant conceded at oral argument that there was no objection at trial to the juror disqualification or to the closing argument. Without an objection, neither of these issues is properly preserved for appellate review. *E.g., State v. Stone*, 376 S.C. 32, 655 S.E.2d 487 fn. 1 (2007) ("South Carolina's strict error preservation rules are no less applicable in death penalty cases"). Under these circumstances, we do not reach the merits of either issue.

■ One issue is preserved for review: Appellant contends the trial court erred in admitting a list of disciplinary infractions allegedly committed by appellant while in the Department of Corrections because its admission violated the prohibition against hearsay, appellant's Confrontation Clause rights, and his due process rights. Neither the Confrontation Clause nor due process was raised to the trial court, and accordingly neither constitutional claim is preserved for our

---

sentence was conditional: if appellant were ultimately to receive a life sentence for murder, then the five year sentence would be reimposed.

review. *State v. Stone, supra.* We address only the hearsay issue.

The trial judge permitted the State to introduce a redacted version of appellant's prison offenses pursuant to the business records exception to the rule against hearsay. In so doing, he required the State to omit from the list all details of the incidents, and all incidents not witnessed by a prison guard or staff member. These rulings reduced the number of incidents to 28, which were presented to the jury in this format[2]:

1. April 13, 2001, breaks toilet, sink and sprinkler
2. May 26, 2001, throws hot water on another inmate
3. May 27, 2001, had a six and a half inch shank made from fencing and toothbrush
4. June 14, 2001, spat on a correctional officer
5. February 8, 2002, a 14 inch solid brass shank
6. March 29, 2002, stabs correctional officer in the face with a shank
7. June 12, 2002, stabs an inmate in the shower
8. June 15, 2002, kicks an inmate who is restrained in a restraint chair
9. August 5, 2002, slaps a male nurse in the face
10. August 17, 2002, throws a food tray and hits an officer in the head
11. August 23, 2002, struck an officer in the face with his fist
12. October 22, 2002, hits an officer in the face with his fist
13. October 23, 2002, sets fire to cell
14. December 22, 2002, shank made from fencing
15. December 30, 2002, a ten inch shank made from a push rod of the sink
16. July 17, 2005, spits in the face of an officer
17. August 26, 2005, slaps an officer in the face
18. August 31, 2005, sets fire to cell
19. September 11, 2005, threatens an officer

---

2. We have made one minor alteration in choosing to omit the names of the victims from the list.

20. January 1, 2006, a 12 inch homemade knife

21. January 3, 2006, breaks cell door window with broom stick

22. January 13, 2006, throws feces on an officer, hitting him in the face

23. February 3, 2006, spits in the face of another inmate

24. February 4, 2006, orally threatens an officer

25. February 28, 2006, a 12 inch weapon hidden between the mattresses

26. April 4, 2006, an eight and a half inch shank made from flat metal sharpened at the edge and wrapped with ace bandage

27. May 1, 2006, sets fire to his mattress

28. May 20, 2006, throws coffee on an officer

Appellant contends the records are inadmissible hearsay because they are not trustworthy under Rule 803(6), SCRE. We find no abuse of discretion in the trial judge's decision finding trustworthy those incidents witnessed by prison staff. *E.g., State v. Pittman,* 373 S.C. 527, 647 S.E.2d 144 (2007) (admission of evidence with trial judge's discretion); *cf. Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) *overruled on other grounds Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (properly administered, Rule 803(6) exceptions are among the safest against a confrontation-clause challenges).

Moreover, appellant has not asked to argue against the precedent of *State v. Whipple,* 324 S.C. 43, 476 S.E.2d 683 (1996) which held that these types of prison disciplinary records are admissible at the sentencing phase of a capital trial under the Uniform Business Records as Evidence Act, S.C.Code Ann. § 19–5–510 (the Act). *Id.* cited with approval in *State v. Holmes,* 361 S.C. 333, 605 S.E.2d 19 (2004) *vacated and remanded on other grounds Holmes v. South Carolina,* 547 U.S. 319, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006). Appellant contends that the continuing validity of *Whipple* is in doubt as that decision predates the adoption of the SCRE, and alleges that Rule 803(6) added a veracity requirement to the admissibility requirements for a business record. Contrary to appellant's position, trustworthiness is an issue under the Act,

not a new condition created by Rule 803(6). *Kershaw County Dep't of Soc. Servs. v. McCaskill,* 276 S.C. 360, 278 S.E.2d 771 (1981); *see also State v. Rice,* 375 S.C. 302, 652 S.E.2d 409 (Ct.App.2007).

Appellant failed to show an abuse of discretion in the trial judge's decision to admit the redacted prison disciplinary incidents. *State v. Pittman, supra; State v. Whipple, supra.*

### PROPORTIONALITY REVIEW

Pursuant to S.C.Code Ann. § 16–3–25(c) (2003), we have conducted a proportionality review and find the death sentence was not the result of passion, prejudice, or any other arbitrary factor. Furthermore, a review of other decisions demonstrates that appellant's sentence was neither excessive nor disproportionate. *See State v. Humphries,* 325 S.C. 28, 479 S.E.2d 52 (1996) (murder of convenience store operator in the commission of attempted armed robbery); *State v. Simpson,* 325 S.C. 37, 479 S.E.2d 57 (1996) (murder of convenience store operator in the commission of armed robbery).

### CONCLUSION

Appellant's capital sentence is

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and BEATTY, JJ., concur.