THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Carolyn Songer
 Austin, Appellant,
 v.
 Sea Crest
 Development Co., Respondent.
 
 
 

Appeal From Beaufort County
  G. Thomas Cooper, Jr., Circuit Court
Judge

Unpublished Opinion No. 2009-UP-338
Heard April 22, 2009  Filed June 15, 2009    

AFFIRMED

 
 
 
 M. Adam Gess, of Beaufort, Mark W. Hardee, of Columbia, and Robert
 E. Austin, Jr., of Leesburg, for Appellant.
 Barrett R. Brewer, of Charleston, for Respondent.
 
 
 

PER
 CURIAM:  Carolyn Austin appeals the circuit court's denial of her
 motion for a new trial absolute under the thirteenth juror doctrine.  We
 affirm pursuant to Rule 220(b), SCACR,
 and the following authorities:  Haselden v. Davis, 341 S.C. 486, 506,
 534 S.E.2d 295, 306 (Ct. App. 2000) ("In reviewing the denial
 of a motion for a new trial under the thirteenth juror doctrine, we consider only whether there is any
 evidence to support the trial court's decision.  To reverse such a denial, we
 must find the moving party was entitled to a directed verdict at trial."); Black v. Hodge, 306 S.C. 196, 198, 410 S.E.2d 595, 596 (Ct. App. 1991)
 (stating the fact that testimony is uncontradicted does not necessarily render
 it undisputed, and the fact that a jury found for one party over the other does
 not open its decision to second-guessing); State v. George, 323 S.C.
 496, 510, 476 S.E.2d 903, 912 (1996) (citing State v. Morris, 307 S.C.
 480, 415 S.E.2d 819 (Ct. App. 1991)) ("No issue is preserved for appellate
 review if the objecting party accepts the judge's ruling
 and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move
 for a mistrial."); Tanner v. Florence County Treasurer, 336 S.C.
 552, 558-59, 521 S.E.2d 153, 156 (1999) (finding it well established that a
 motion to amend or supplement is addressed to the discretion of the trial
 judge, and the party opposing the motion has the burden of establishing
 prejudice); Weaver v. Lentz, 348 S.C. 672, 683, 561 S.E.2d 360, 366 (Ct.
 App. 2002) ("The admission of evidence
 lies within the sound discretion of
 the trial court, and the court's
 decision will not be overturned on appeal absent an abuse of discretion.");
 Rule 609(a)(2), SCRE (stating Rule 609 applies only to convictions, resulting
 from a trial or any type of plea); State v. Stone, 376 S.C. 32, 35-36,
 655 S.E.2d 487, 488-89 (2007) (stating an argument in support of an objection
 is unpreserved unless the appellant argues the grounds at trial).

AFFIRMED.
HEARN,
 C.J., and PIEPER, J., and LOCKEMY, J., concur.