THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Israel Romero, Appellant.
 
 
 
 
 

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2011-UP-137
 Submitted February 1, 2011  Filed April
5, 2011    

AFFIRMED

 
 
 
 Israel Romero, pro se, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Senior Assistant Attorney General Norman Mark Rapoport, all of
 Columbia, for Respondent.
 
 
 

PER CURIAM:  Israel Romero appeals his conviction for
 the unauthorized practice of law, arguing (1) the trial court erred in denying
 his directed verdict motion and failing to apply the ex post facto rule, the
 statutory construction rule, and the preemption rule; (2) the trial court
 lacked subject matter jurisdiction; (3) his conviction violated double
 jeopardy; and (4) the trial court erroneously instructed the jury.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1.  As to Romero's directed
 verdict motion: State v. Zeigler, 364 S.C. 94, 103, 610 S.E.2d 859, 863
 (Ct. App. 2005) ("The appellate court may reverse the trial judge's denial
 of a motion for a directed verdict only if there is no evidence to support the
 judge's ruling.") (citation omitted); id. at 102, 610 S.E.2d at 863
 ("If there is any direct evidence or any substantial circumstantial
 evidence reasonably tending to prove the guilt of the accused, an appellate
 court must find the case was properly submitted to the jury.") (citation
 omitted); see also S.C. Code Ann. § 40-5-310 (2001) ("No person may
 either practice law or solicit the legal cause of another person or entity in
 this State unless he is enrolled as a member of the South Carolina Bar pursuant
 to applicable court rules, or otherwise authorized to perform prescribed legal
 activities by action of the Supreme Court of South Carolina. The type of
 conduct that is the subject of any charge filed pursuant to this section must
 have been defined as the unauthorized practice of law by the Supreme Court of
 South Carolina prior to any charge being filed."); State v. McLauren,
 349 S.C. 488, 497-98, 563 S.E.2d 346, 350-51 (Ct. App. 2002) ("The
 generally understood definition of the practice of law embraces the preparation
 of pleadings, and other papers incident to actions and special proceedings, and
 the management of such actions and proceedings on behalf of clients before
 judges and courts. . . . [T]he
 practice of law . . . include[s] the preparation and filing of legal
 documents involving the giving of advice, consultation, explanation, or
 recommendations on matters of law.") (citations omitted) (internal
 quotation marks omitted).
2.  As to Romero's subject
 matter jurisdiction argument: State v. Gentry, 363 S.C. 93, 101, 610
 S.E.2d 494, 499 (2005) ("Circuit courts obviously have subject matter
 jurisdiction to try criminal matters.").
3.  As to Romero's remaining
 issues: State v. Turner, 373 S.C. 121, 126 n.1, 644 S.E.2d 693, 696 n.1 (2007)
 (noting an issue not raised to or ruled upon by the trial court is not
 preserved for review); see also State v. Owens, 378 S.C. 636,
 638, 664 S.E.2d 80, 81 (2008) (holding the preservation rules apply to
 arguments regarding constitutional violations).
AFFIRMED.
FEW, C.J., and THOMAS and
 KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.