720 S.E.2d 491

The STATE, Respondent,

v.

John C. ABRAHAM, Appellant.

No. 4885.

Court of Appeals of South Carolina.

Submitted May 5, 2011.
Decided Sept. 7, 2011.

646

Appellate Defender M. Celia Robinson and Appellate Defender Tristan Shaffer, both of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant General Julie M. Thames, Assistant Attorney General, David Spencer, all of Columbia; and Solicitor Edgar L. Clements, III, of Florence, for Respondent.

WILLIAMS, J.

John C. Abraham (Abraham) appeals his conviction for possession of cocaine. On appeal, Abraham argues the circuit court erred in (1) denying his motion to suppress because he was subjected to an unreasonable search and seizure in violation of the Fourth Amendment and (2) failing to grant his motion for a directed verdict. We affirm.[1]

### FACTS

On the night of June 27, 2007, Deputy Tracey Tolson (Tolson) of the Florence County Sheriff's Office's K–9 and Crime Suppression Unit, was patrolling Kershaw Street when she observed a vehicle abruptly stop after a bicycle crossed its path. Tolson exited her patrol car, identified herself, and attempted to speak with Abraham to ascertain whether he was

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

impaired and if he was capable of operating his bicycle. At this point, Tolson testified she did not suspect Abraham was engaged in any criminal activity.

As Tolson attempted to speak with Abraham, Abraham cursed and threw his bicycle at her, striking Tolson's knee. Abraham fled the scene. Tolson ordered Abraham to stop, but he refused. Tolson deployed her taser but was unsuccessful in stopping Abraham. In pursuing Abraham, Tolson observed him toss an "orange-in-color medicine bottle" (the medicine bottle) out of his hand. Shortly thereafter, Abraham surrendered and was arrested. Tolson retrieved the medicine bottle and noticed what appeared to be narcotics inside the medicine bottle. Test results of the contents from the medicine bottle revealed the presence of 0.43 grams of cocaine. Abraham was indicted for possession of cocaine, possession of a controlled substance, and assault upon a law enforcement officer.[2]

Prior to trial, Abraham made a motion to suppress the "whole stop" and claimed the stop was pretextual. Abraham claimed Tolson did not have any reason to stop and investigate because there was no contact between Abraham's bicycle and the vehicle. The circuit court took the matter under advisement until the evidence was presented at trial. Abraham renewed his motion and argued Tolson did not stop the vehicle that was nearly involved in an accident with Abraham, no injury occurred at the scene, and no evidence or information regarding the vehicle was sought. Abraham claimed Tolson stopped him to conduct a field interview in a high-crime area. The circuit court denied Abraham's motion and concluded Tolson acted reasonably in investigating whether Abraham was capable of operating his bicycle on a public street. Moreover, the circuit court noted Abraham assaulted Tolson, and as a result, Tolson's subsequent actions were justified.

Abraham also made a motion for a directed verdict arguing the State failed to submit direct or circumstantial evidence sufficient to support a guilty verdict. The circuit court denied Abraham's directed verdict motion. The jury convicted Abraham of possession of cocaine. The circuit court sentenced Abraham to two years' imprisonment, credited him with sixty-

---

2. This appeal only concerns the possession of cocaine charge.

seven days of time served, and suspended the balance. This appeal followed.

## STANDARD OF REVIEW

In Fourth Amendment cases, the circuit court's factual rulings are reviewed under the "clear error" standard. *State v. Brockman*, 339 S.C. 57, 66, 528 S.E.2d 661, 666 (2000). Under the "clear error" standard, an appellate court will not reverse a circuit court's findings of fact simply because it would have decided the case differently. *State v. Pichardo*, 367 S.C. 84, 96, 623 S.E.2d 840, 846 (Ct.App.2005). Therefore, this court will affirm if there is any evidence to support the circuit court's ruling. *State v. Khingratsaiphon*, 352 S.C. 62, 70, 572 S.E.2d 456, 459–60 (2002).

## LAW/ANALYSIS

### A. Reasonable Suspicion

■ Abraham contends the officer did not have reasonable suspicion that he was engaged in criminal activity when the officer stopped him for improperly riding his bicycle. We find this issue is not preserved for our review.

Abraham made a motion *in limine* in an attempt to "suppress this whole stop," arguing the detention was pretextual and Tolson lacked reasonable suspicion to stop him. The circuit court took the matter under advisement and withheld its ruling until evidence was presented at trial. During Tolson's direct examination, the State questioned the officer about the entire chain of events leading up to Tolson's decision to approach Abraham. The record reflects no attempt by Abraham, at trial, to object to or to move to strike Tolson's testimony. Instead, Abraham only raised the propriety of Tolson's seizure of Abraham in a motion after the close of the State's case-in-chief when the testimony pertaining to the stop had already been admitted. Therefore, we find this issue is not preserved for our review. *See State v. Owens*, 378 S.C. 636, 638, 664 S.E.2d 80, 81 (2008) (finding constitutional claims not preserved for review without a contemporaneous objection at trial); *State v. Rice*, 375 S.C. 302, 323, 652 S.E.2d 409, 419 (Ct.App.2007) (holding that for an objection to be timely, it

must be made at the time that evidence is offered); *see also State v. Burton,* 356 S.C. 259, 266, 589 S.E.2d 6, 9 (2003) (holding that the failure to object to, or the failure to move to strike evidence, renders such evidence competent and entitled to consideration to the extent it is relevant).

■ Even if this issue is preserved for review, Tolson had reasonable suspicion to stop Abraham. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures...." U.S. Const. amend. IV. "[T]he Fourth Amendment protects against unreasonable searches and seizures, including seizures that involve only a brief detention." *Pichardo,* 367 S.C. at 97, 623 S.E.2d at 847 (citing *United States v. Mendenhall,* 446 U.S. 544, 551, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980)).

■ "[R]easonable suspicion requires a particularized and objective basis that would lead one to suspect another of criminal activity." *State v. Woodruff,* 344 S.C. 537, 546, 544 S.E.2d 290, 295 (Ct.App.2001). "In determining whether reasonable suspicion exists, the [circuit] court must consider the totality of the circumstances." *State v. Willard,* 374 S.C. 129, 134, 647 S.E.2d 252, 255 (Ct.App.2007). Generally stated, reasonable suspicion is a standard that requires more than a "hunch" but less than probable cause. Id.

In this case, Tolson testified she stopped Abraham after she observed him operating his bicycle in a manner that posed a significant risk to the driving public. Based on this observation, we conclude Tolson's actions were reasonable in determining whether Abraham was impaired and capable of operating his bicycle. Moreover, Tolson had the legal authority to arrest Abraham when he threw his bicycle at her, even though Tolson did not suspect Abraham of any criminal activity when she initially stopped him. *See* S.C.Code Ann. § 17–13–30 (Supp.2009) ("The sheriffs and deputy sheriffs of this State may arrest without warrant any and all persons who, within their view, violate any of the criminal laws of this State if such arrest be made at the time of such violation of law or immediately thereafter.").

## B. Suppression of Evidence

 Abraham also argues the circuit court erred in admitting the drug evidence because the officer lacked reasonable suspicion to stop him. We find this issue is not preserved for review.

During the same motion *in limine* in which Abraham asserted Tolson lacked reasonable suspicion to stop him, Abraham briefly argued the evidence discovered as a result of the stop should be suppressed. The circuit court did not rule on the admissibility of the evidence at that time. At trial, the State introduced and the circuit court admitted the medicine bottle and cocaine into evidence. Abraham did not contemporaneously object to the admission of the medicine bottle or the cocaine into evidence. Therefore, we find this issue is not preserved for review. *State v. Smith*, 337 S.C. 27, 32, 522 S.E.2d 598, 600 (1999) ("[A] motion in limine seeks a pretrial evidentiary ruling to prevent the disclosure of potentially prejudicial matter to the jury. A pretrial ruling on the admissibility of evidence is preliminary and is subject to change based on developments at trial. A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review.").

 Moreover, even if this issue is preserved for review, Abraham's argument is meritless. Tolson stated she observed Abraham toss a medicine bottle from his hand that was later retrieved from his flight path. Because Abraham abandoned the medicine bottle when he tossed it, we conclude no Fourth Amendment violation occurred. *See State v. Dupree*, 319 S.C. 454, 460, 462 S.E.2d 279, 283 (1995) (finding no Fourth Amendment violation when defendant could not have had a continued expectation of privacy in crack cocaine that was thrown on the floor of a business open to the public).

## C. Directed Verdict Motion

▪ Abraham argues the circuit court erred in denying his directed verdict motion because the State's evidence was insufficient to support a guilty verdict. We disagree.

"When ruling on a motion for a directed verdict, the [circuit] court is concerned only with the existence of evidence, not the weight." *State v. Gibson*, 390 S.C. 347, 353, 701 S.E.2d 766, 769 (Ct.App.2010). When reviewing the denial of a motion for a directed verdict, an appellate court must review the evidence, and all inferences therefrom, in the light most favorable to the State. *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006). The circuit court's denial of a directed verdict will not be reversed if supported by any direct evidence or substantial circumstantial evidence of the defendant's guilt. Id. at 292–93, 625 S.E.2d at 648.

In support of his motion for directed verdict, Abraham argues the State did not present any evidence linking him to the medicine bottle. Specifically, Abraham's position is that Tolson's description of the medicine bottle in her report and the lack of identifiable fingerprints on the medicine bottle, constitute insufficient evidence to support a guilty verdict.

At trial, Abraham questioned Tolson regarding her statement in her incident report that Abraham "toss[ed] an item out of his hand down Jarrott Street, at which time he then stopped and got on the ground." In response, she testified her use of "item" was typographical error and she in fact observed Tolson toss an "orange medicine bottle" onto Jarrott Street.

Additionally, Officer Andrew Clendinin of the Florence County Sheriff's Office testified he conducted a fingerprint analysis on the medicine bottle. Officer Clendinin stated he was able to locate a few lines of a raised portion of a person's finger but was unable to make a full identification of the fingerprint.

While Officer Clendinin's testimony did not link Abraham to the medicine bottle, Tolson testified she observed Abraham toss the medicine bottle. Because Abraham's argument regarding Tolson's observation of the medicine bottle relates to the weight of the evidence, and not its existence, we conclude the circuit court did not err in denying Abraham's motion for a directed verdict. *Gibson*, 390 S.C. at 353, 701 S.E.2d at 769 (stating a court's inquiry on a motion for directed verdict is limited to the existence, not the weight of the evidence).

## CONCLUSION

Accordingly, the circuit court's decision is **AFFIRMED.**

HUFF and THOMAS, JJ., concur.