THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Reginald Shock, Appellant,
v.
South Carolina
 Department of Corrections, Respondent.
 
 
 

Appeal from the Administrative Law Court
Deborah Brooks Durden, Administrative Law
 Judge

Unpublished Opinion No.  2012-UP-002
Submitted December 1, 2011  Filed January
 4, 2012 

AFFIRMED

 
 
 
Reginald Shock, pro se.
Christopher D. Florian, of Columbia, for Respondent.
 
 
 

PER CURIAM: Reginald
 Shock appeals the Administrative Law Court's (ALC) order dismissing his inmate
 grievance appeal.  Shock argues the ALC erred in determining his right to due
 process was not violated during his disciplinary hearing for possession of a
 cell phone.  We affirm.[1]  
Initially, we find Shock's due process arguments concerning his
 requested witnesses being present at trial, his requested counsel substitute,
 and the insufficient return by the Disciplinary Hearing Officer (DHO) not
 preserved for review.  See Al-Shabazz v. State, 338 S.C. 354, 379,
 527 S.E.2d 742, 755 (2000) (stating issues that have not been raised to and
 ruled upon by the ALC are not preserved for review); see also State
 v. Owens, 378 S.C. 636, 638-39, 664 S.E.2d 80, 81 (2008) (finding due
 process rights issue not properly raised and ruled upon unpreserved for review); Ward v. State, 343 S.C. 14, 18, 538 S.E.2d 245, 247 (2000) (stating an
 ALC can rule on whether a party's constitutional rights have been violated). 

[D]ue process in a prison disciplinary proceeding involving
 serious misconduct requires:  (1) that advance written notice of the charge be
 given to the inmate at least twenty-four hours before the hearing; (2) that
 factfinders must prepare a written statement of the evidence relied on and
 reasons for the disciplinary action; (3) that the inmate should be allowed to
 call witnesses and present documentary evidence, provided there is no undue
 hazard to institutional safety or correctional goals; (4) that counsel
 substitute (a fellow inmate or a prison employee) should be allowed to help
 illiterate inmates or in complex cases an inmate cannot handle alone; and (5)
 that the persons hearing the matter, who may be prison officials or employees,
 must be impartial.  

Al-Shabazz, 338 S.C. at 371, 527 S.E.2d at 751 (citing Wolff v. McDonnell, 418 U.S. 539, 563-72 (1974)).  "Agency
 officials or members who adjudicate a matter are presumed to be honest, fair,
 and unbiased."  Garris v. Governing Bd. of S.C. Reinsurance Facility,
 333 S.C. 432, 444, 511 S.E.2d 48, 54 (1998).  Additionally, situations in which the decision maker has a pecuniary
 interest in the outcome or has been the target of personal abuse or criticism
 from the defendant are such that the adjudicator cannot be said to be
 unbiased.  Withrow v.
 Larkin, 421 U.S. 35, 47 (1975). 
 Moreover, "[a]ctual bias or a high probability of bias must be present
 before due process concerns are raised."  Marshall v. Cuomo, 192
 F.3d 473, 484 (4th Cir. 1999).  We find the ALC did not err in determining
 Shock's DHO was impartial.  First, no evidence shows the DHO had any pecuniary
 interest in Shock's case or that Shock personally abused or criticized the DHO
 in a way as to raise a red flag of potential bias.  Furthermore, we find any
 inaccuracies on Shock's incident report are mere scrivener's errors and do not
 warrant dismissal.  Cf. State v. Bultron, 318 S.C. 323, 329-30,
 457 S.E.2d 616, 620 (Ct. App. 1995) (finding an indictment with a mere
 scrivener's error was not required to be quashed).  Accordingly, the ALC properly
 found the Department did not violate Shock's due process rights.  
AFFIRMED.

SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.