**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Willie Poole, Appellant.

Appellate Case No. 2011-192026

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2013-UP-268
Heard June 11, 2013 – Filed June 19, 2013

**AFFIRMED**

Appellate Defender Elizabeth A. Franklin-Best and Appellate Defender Susan Hackett, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Mark Reynolds Farthing, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:**  This appeal arises out of Appellant Willie Poole's conviction for armed robbery.  Appellant asserts the trial court erred by failing to grant a mistrial *sua sponte* when defense counsel elicited prejudicial character evidence regarding Appellant.  At trial, no objection was made to testimony Appellant now claims was prejudicial.  Additionally, the court was never asked to consider a motion to strike or a motion for a mistrial.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Byers*, 392 S.C. 438, 445, 710 S.E.2d 55, 58 (2011) ("[T]he South Carolina Rules of Evidence state that an error may not be found for the wrongful admission of evidence unless 'a timely objection *or* motion to strike appears of record.'" (quoting Rule 103(a)(1), SCRE)); *State v. Abraham*, 395 S.C. 645, 649-50, 720 S.E.2d 491, 493 (Ct. App. 2011) (finding the appellant's issue not preserved where the appellant failed to object and failed to move to strike the testimony); *State v. Porter*, 389 S.C. 27, 37, 698 S.E.2d 237, 242 (Ct. App. 2010) ("The general rule of issue preservation is if an issue was not raised to and ruled upon by the trial court, it will not be considered for the first time on appeal."); *id.* at 38, 698 S.E.2d at 242 ("A contemporaneous objection is required to preserve issues for direct appellate review."); *State v. Carlson*, 363 S.C. 586, 595, 611 S.E.2d 283, 287 (Ct. App. 2005) ("A party cannot complain of an error which his own conduct has induced.").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**