**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Andrew James Harrelson, Jr., Appellant.

Appellate Case No. 2011-187406

Appeal From McCormick County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2014-UP-156
Submitted February 1, 2014 – Filed April 2, 2014

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

**PER CURIAM:** Andrew James Harrelson appeals the plea court's imposition of lifetime global position satellite (GPS) monitoring after he pled guilty to committing a lewd act on a minor. Harrelson argues (1) lifetime GPS monitoring

pursuant to section 23-3-540 of the South Carolina Code (Supp. 2013) is unconstitutional as a violation of the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution and South Carolina Constitution and (2) the plea court violated his procedural due process rights when it failed to hold a hearing before imposing lifetime GPS monitoring.  We affirm.

1. As to whether section 23-3-540 is unconstitutional as a violation of the prohibition against cruel and unusual punishment under the Eighth Amendment: *State v. Sheppard*, 391 S.C. 415, 421, 706 S.E.2d 16, 19 (2011) ("[A] party must have a contemporaneous and specific objection to preserve an issue for appellate review."); *State v. Moultrie*, 316 S.C. 547, 554, 451 S.E.2d 34, 38 (Ct. App. 1994) (noting a defendant is required to raise the issue before the plea court and also obtain a ruling on the issue to preserve it); *In re Justin B.*, 405 S.C. 391, 409, 747 S.E.2d 774, 783 (2013) (holding section 23-3-540 does not violate the Eighth Amendment because GPS monitoring is a non-punitive civil remedy).

2. As to whether the plea court violated Harrelson's procedural due process rights: *State v. Owens*, 378 S.C. 636, 638-39, 664 S.E.2d 80, 81 (2008) (providing a due process violation must be raised to the plea court to preserve the constitutional claim for appellate review).

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.