**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marquez Devon Glenn, Appellant.

Appellate Case No. 2015-001810

Appeal From Greenville County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2018-UP-169
Heard February 6, 2018 – Filed April 25, 2018

**AFFIRMED**

Roy F. Harmon, III, of Harmon & Major, PA, Christopher Todd Brumback and John Hampton Scully, both of Brumback & Langley, LLC, all of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:**  In this criminal appeal, Marquez Devon Glenn appeals his convictions of assault and battery of a high and aggravated nature and possession of a weapon during the commission of a violent crime.  Glenn asserts (1) the circuit court abused its discretion in denying Glenn's motion for immunity pursuant to the Protection of Persons and Property Act[1] (the Act) because Glenn was in a place where he had a right to be and was reasonably egressing the residence when he was attacked; (2) the Spring Grove Apartment Complex's (Spring Grove) use of section 16-11-620 of the South Carolina Code (2015), in conjunction with its no trespass list, violated the United States Housing Act's statutory mandate[2] and the United States Housing and Urban Development's implementing regulations[3] in a manner that constitutes grounds for the forfeiture of an individual's statutory right to self-defense; (3) the use of a general, nonspecific allegation of loitering as a basis for summary adjudication of a trespass violation on a public housing project's property was unconstitutionally vague; and (4) the use of a three-year-old trespass notice as a bar to statutory immunity under the Act deprived Glenn of his right to due process of law.  We affirm.

1.  We find the circuit court did not abuse its discretion in finding Glenn was not immune from prosecution under the Act.  "A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which [the appellate] court reviews under an abuse of discretion standard of review." *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013).  The circuit court abuses its discretion when its ruling is based on an error of law, or when grounded in factual conclusions, is without evidentiary support. *State v. Jones*, 416 S.C. 283, 290, 786 S.E.2d 132, 136 (2016).  Moreover, "the abuse of discretion standard of review does not allow [the appellate] court to reweigh the evidence or second-guess the [circuit] court's assessment of witness credibility." *State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 238 (Ct. App. 2014).  Examining the Act in light of the plain and ordinary meaning of its language, we find the circuit court properly interpreted subsection 16-11-440(C) of the South Carolina Code to mean Glenn did not have a right to be at Spring Grove at the time of the incident.  *See* S.C. Code Ann. § 16-11-440(C) ("A person who is not

---

[1] S.C. Code Ann. §§ 16-11-410 through -450 (2015).

[2] 42 U.S.C. §§ 1437 through 1437z–9 (2012).

[3] 24 C.F.R. §§ 966.1 through 966.7 (2017).

engaged in an unlawful activity and who is attacked in another place *where he has a right to be*, including, but not limited to, his place of business, has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force . . . ." (emphasis added)); *Sparks v. Palmetto Hardwood, Inc.*, 406 S.C. 124, 128, 750 S.E.2d 61, 63 (2013) (holding an issue involving statutory interpretation is a question of law); *Media Gen. Commc'ns, Inc. v. S.C. Dep't of Revenue*, 388 S.C. 138, 148, 694 S.E.2d 525, 530 (2010) ("Whe[n] the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000))).

Upon our review of the record, we find Glenn was not in a place where he had a right to be because his status at all times was that of a trespasser, regardless of Shelricka Duncan's invitation to Glenn to come to Spring Grove. *See State v. Green*, 35 S.C. 266, 268, 14 S.E. 619, 620 (1892) (holding that when the owner or tenant in possession of land forbids entry, any person with notice is liable to punishment for subsequent entry upon the land, regardless of his intent in making the entry). Additionally, despite Glenn's claim that he was unaware he did not have a right to be at Spring Grove, evidence in the record reflects that a sheriff's deputy issued Glenn a verbal trespass notice and placed Glenn on Spring Grove's no trespass list after the deputy found Glenn loitering. *See Strother v. Lexington Cty. Recreation Comm'n*, 332 S.C. 54, 63 n.6, 504 S.E.2d 117, 122 n.6 (1998) ("Actual notice means all the facts are disclosed and there is nothing left to investigate. Notice is regarded as actual whe[n] the person sought to be charged therewith either knows of the existence of the particular facts in question or is conscious of having the means of knowing it, even though such means may not be employed by him. Generally, actual notice is synonymous with knowledge." (citations omitted)). Thus, regardless of Duncan's invitation, Glenn knew he was prohibited from being on the grounds, and as a result, he could not claim to believe he had a right to be at Spring Grove. *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1930 (2015) ("[A] trespass 'can be committed despite the actor's mistaken belief that she has a legal right to enter the property.'" (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 583 (2010))). Last, Glenn was not reasonably egressing Shelricka's residence at the time of the incident. Instead, evidence in the record established Glenn was walking out of another tenant's apartment.

Accordingly, we find the circuit court properly denied Glenn immunity under the Act because the circuit court correctly interpreted subsection 16-11-440(C) and determined Glenn did not have a right to be at Spring Grove.

2.  We find Glenn's remaining arguments unpreserved.  To preserve an issue for appellate review, the issue must have been raised to and ruled upon by the circuit court.  *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003).  "An issue may not be raised for the first time on appeal, but must have been raised to the [circuit court] to be preserved for appellate review."  *State v. Nichols*, 325 S.C. 111, 120, 481 S.E.2d 118, 123 (1997); *see I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (stating the preservation requirement "prevents a party from keeping an ace card up his sleeve—intentionally or by chance—in the hope that an appellate court will accept that ace card and, via a reversal, give him another opportunity to prove his case").  Moreover, constitutional issues are not immune from preservation requirements, and accordingly, must be raised to and ruled upon by the circuit court.  *See State v. Passmore*, 363 S.C. 568, 584, 611 S.E.2d 273, 282 (Ct. App. 2005) ("The issue preservation requirement applies to assertions of constitutional violations as well."); *Bakala v. Bakala*, 352 S.C. 612, 625, 576 S.E.2d 156, 163 (2003) (holding "[a] due process claim raised for the first time on appeal is not preserved"); *State v. Owens*, 378 S.C. 636, 638–39, 664 S.E.2d 80, 81 (2008) ("Neither the Confrontation Clause nor due process was raised to the [circuit] court, and accordingly neither constitutional claim is preserved for our review.").  Upon our review of the record, we are unable to find any evidence to show that Glenn raised these arguments to the circuit court or that the circuit court ruled upon these issues.  Thus, we find these issues unpreserved and decline to address these issues on appeal.

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**