**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Hassan Tyler, Appellant.

Appellate Case No. 2016-000708

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2018-UP-302
Submitted June 1, 2018 – Filed July 5, 2018

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Deborah R.J. Shupe,
both of Columbia; and Solicitor Jimmy A. Richardson, II,
of Conway, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Creech*, 314 S.C. 76, 81, 441 S.E.2d 635, 638 (Ct. App. 1993) ("The granting of a mistrial is a matter within the sound discretion of the trial

[court], whose decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *State v. Moses*, 390 S.C. 502, 511, 702 S.E.2d 395, 399 (Ct. App. 2010) ("[R]ulings on the admission of evidence are within the trial court's discretion and will not be reversed absent an abuse of discretion."); Rule 5(a)(1)(C), SCRCrimP ("Upon request of the defendant[,] the prosecution shall permit the defendant to inspect and copy books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody[,] or control of the prosecution, and which are material to the preparation of his defense or are intended for use by the prosecution as evidence in chief at the trial, or were obtained from or belong to the defendant."); *State v. Nicholson*, 366 S.C. 568, 579, 623 S.E.2d 100, 105 (2005) (holding the trial court did not abuse its discretion in declining to suppress expert testimony because the State "is not required to provide its witness list to a criminal defendant"); *State v. Lunsford*, 318 S.C. 241, 243, 456 S.E.2d 918, 920 (Ct. App. 1995) (finding the trial court did not err in refusing to grant a mistrial when "[d]efense counsel had access to the questioned material before he resumed his cross-examination . . . and he elected to proceed . . . without taking advantage of the trial [court's] offer to provide him with 'as much time as' he thought he needed to review the previously undisclosed evidence").[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] Any argument relating to constitutional violations is unpreserved for appellate review. *See State v. Langford*, 400 S.C. 421, 432, 735 S.E.2d 471, 477 (2012) ("Constitutional questions must be preserved like any other issue on appeal."); *State v. Owens*, 378 S.C. 636, 638-39, 664 S.E.2d 80, 81 (2008) (finding issues regarding due process rights were not preserved for appellate review because they were not properly raised and ruled on by the trial court).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.