**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Craig Caughman, Appellant.

Appellate Case No. 2015-001867

———————

Appeal From Lexington County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-009
Heard September 12, 2019 – Filed January 15, 2020

———————

**AFFIRMED**

———————

Appellate Defender Taylor Davis Gilliam, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., Assistant Attorney General Joshua Abraham
Edwards, all of Columbia; and Solicitor Samuel R.
Hubbard, III, of Lexington, all for Respondent.

———————

**PER CURIAM:** William Craig Caughman appeals his conviction for hit-and-run resulting in death, arguing the circuit court erred in (1) admitting evidence seized

during the execution of a search warrant and (2) considering his alcohol consumption during the sentencing phase of his trial.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in admitting evidence seized during the execution of a search warrant: *Dreher v. S.C. Dep't of Health & Envtl. Control*, 412 S.C. 244, 249–50, 772 S.E.2d 505, 508 (2015) ("An unappealed ruling is the law of the case and requires affirmance." (quoting *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013)); *id.* at 250, 772 S.E.2d at 508 ("Thus, should the appealing party fail to raise all of the grounds upon which a lower court's decision was based, those unappealed findings—whether correct or not—become the law of the case."); *Skywaves I Corp. v. Branch Banking & Tr. Co.*, 423 S.C. 432, 451, 814 S.E.2d 643, 653–54 (Ct. App. 2018) (alterations in original) ("Under the two[-]issue rule, whe[n] a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case." (quoting *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010), *abrogated on other grounds by Repko v. County of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018)).

2. As to whether the circuit court erred in considering his alcohol consumption on the day of the hit-and-run during the sentencing phase of his trial: *State v. Salisbury*, 330 S.C. 250, 276, 498 S.E.2d 655, 669 (Ct. App. 1998) ("[A]ny alleged error in sentencing . . . requires a contemporaneous objection to preserve the issue for appellate review."); *State v. Johnston*, 333 S.C. 459, 462, 510 S.E.2d 423, 425 (1999) ("[Our supreme c]ourt has consistently held that a challenge to sentencing must be raised at trial, or the issue will not be preserved for appellate review."); *State v. Stone*, 376 S.C. 32, 35–36, 655 S.E.2d 487, 488–89 (2007) (providing an appellant's argument on appeal was not preserved for review when the appellant did not argue those grounds in support of his argument before the circuit court).

**AFFIRMED.**

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**